McHenry *v.* Stapleton et al., Appellants.

Argued January 21, 1971. Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Joseph Serling,* for appellant.

*John S. Fine, Jr.,* for appellee.

Opinion by Mr. Justice O'Brien, June 28, 1971:

Appellants are the executrices of the Estate of Richard M. Stapleton (Stapleton). On February 3, 1960, an equity action was brought against Stapleton by appellee, administratrix of the Estate of Lloyd A. McHenry, deceased (McHenry). The complaint averred that on or about June 13, 1946, at the request of McHenry, Stapleton took legal title for and on behalf of McHenry of a certain parcel of real estate, known as 286 Main Street in the Borough of Luzerne. According to the complaint, at McHenry's direction Stapleton executed a mortgage as part of the transaction, but McHenry made all of the payments on the mortgage, paid all of the taxes on the property, and collected all the rents therefrom, all with the knowledge and consent of Stapleton. The complaint further avers that subsequent to McHenry's death, appellee, his administratrix, has continued to pay all of the taxes and to collect all of the rents and has paid the entire balance of principal and interest on the mortgage. The complaint avers that Stapleton held legal title only as trustee for McHenry, and after stating that there is information to the effect that Stapleton plans to convey the property in violation of this trust, the complaint seeks a decree ordering Stapleton to execute and deliver a deed conveying legal title to McHenry's administratrix where, according to the complaint, the equitable and beneficial title had been since McHenry's death.

Stapleton filed preliminary objections to this complaint, stating that: (1) the complaint failed to set forth facts showing how McHenry acquired his alleged equitable interest; (2) the complaint failed to set forth who provided the funds for the purchase of the property, and (3) the complaint failed to set forth the actual consideration paid for the property.

By order and opinion dated May 4, 1960, the court dismissed Stapleton's preliminary objections. In its

opinion, the court said: "As to the defendant's first preliminary objections concerning plaintiff's failure to set forth any facts showing how Lloyd A. McHenry acquired his equitable interest, we need only turn to the language of Paragraph 4 of the plaintiff's complaint, wherein plaintiff alleges: 'On or about June 13, 1946, Defendant, *at the request of* said Lloyd A. McHenry, *took legal title for and on behalf of said Lloyd A. Mc-Henry. . . .*' This allegation is one of an express oral trust which is a matter of proof for the plaintiff at trial and although defendant evinces some concern as to the nature of the trust to wit: whether it be a resulting trust or a constructive trust, it is apparent that the plaintiff is alleging an express trust and although this may cause some concern to the defendant at this moment, it is, of course, self-evident that the plaintiff must now proceed to prove an express trust and will be precluded by his pleadings from proving anything else." (Emphasis in original.)

On May 24, 1960, Stapleton, in his answer, alleged in "New Matter" that the trust comes within the provisions of the Statute of Frauds. Appellee's reply, dated June 19, 1960, alleged that Stapleton's "New Matter" consisted of legal conclusions raising no question of fact, and further replied denying that the Statute of Frauds applied to the alleged trust. On December 23, 1966, six and one-half years after the pleadings had closed and after the case had been listed for trial in excess of twenty times, Stapleton filed a motion for judgment on the pleadings. On April 10, 1968, the court dismissed the motion for judgment on the pleadings, emphasizing in its brief opinion "that any party who . . . unduly delays in seeking his remedy, should not look to the court to summarily adjudicate his matter."

The case finally came up for trial September 30, 1968, after Stapleton's motion for judgment on the

pleadings was again made and dismissed. The court found that both McHenry and Stapleton had intended McHenry to be the beneficial owner of the property, but had agreed that Stapleton would take title because he could get the mortgage loan which had previously been refused McHenry. The court also emphasized the testimony which indicated that Stapleton had continually admitted that McHenry was the beneficial owner from 1946 to and including the period subsequent to McHenry's death, and had admitted that transfer of the legal title would be made to appellee as soon as the mortgage was paid. The court further found as fact: "18. That on or about June 13, 1946, McHenry and Stapleton entered into an agreement by which: (1) the premises at 286 Main Street, Luzerne, would be conveyed to Stapleton; (2) the purchase price for such real estate would be raised by obtaining a loan of $3,-000.00 from the West Side Building and Loan Association which loan would be secured by a mortgage on said premises which Stapleton would give to the Building and Loan Association; but that (3) McHenry would discharge in full the obligation of the purchase money mortgage incurred to said Building and Loan Association and would exonerate Stapleton from any obligation to pay such debt," and concluded as a matter of law that: "3. By reason of the circumstances, a resulting trust in favor of McHenry arose which will be enforced by the Court even though the complaint alleged an express trust."

Appellants filed exceptions to the adjudication, which were dismissed and a final decree entered; this appeal followed. Appellants' first two contentions stem from the first court's initial characterization of appellee's complaint as one alleging an "express oral trust". If this characterization is correct, appellants argue, then the express oral trust must be in writing or it is void under the Statute of Frauds, Act of April 22, 1856,

P. L. 532 §4, 33 P.S. §2. However, the appellee's complaint did not allege an oral express trust of real estate, which would have been violative of the applicable Statute of Frauds. The complaint, though somewhat vaguely worded, alleged facts indicative of a trust relationship resulting from the circumstances. Accordingly, the court could not properly enter judgment on the pleadings because the case was not clear and free from doubt. *Smith v. Brown-Borhek Co.*, 414 Pa. 325, 200 A. 2d 398 (1964).

As to appellants contention that testimony could not be offered showing a resulting trust unless the complaint was first amended, even if we agree, arguendo, with their contention that the appellee's complaint alleged an express trust and not a resulting trust, we held in *Zahorsky v. Leschinsky*, 394 Pa. 368, 147 A. 2d 362 (1959), that a plaintiff who had alleged an express trust in his complaint could still recover on a theory of a resulting trust if the circumstances of the purchase of the real estate gave rise to such a trust relationship.

All of this discussion is only preliminary to the crux of appellants' argument, which is that no resulting trust could arise in favor of McHenry unless he paid the purchase price. Appellants rely on the principle stated in Section 440, Restatement of Trusts, and quoted in *Zahorsky, supra,* at Page 372: " 'Where a transfer of property is made to one person and the purchase price is paid by another, a resulting trust arises in favor of the person by whom the purchase price is paid,' unless the person by whom the purchase price is paid manifests an intention that no resulting trust should arise."

In the instant case, the purchase price was comprised of a downpayment of an undisclosed amount and a mortgage loan from the West Side Building and Loan Association. The testimony clearly indicates that Stapleton took legal title because Mr. Henry's credit status did not entitle him to a mortgage, but that McHenry

paid the entire mortgage, principal and interest. Under the law as enunciated in *Zahorsky*, these facts alone would entitle McHenry, and now his estate, to a resulting trust in the property to the extent which the amount of the mortgage bears to the entire purchase price.

However, in order to find that McHenry's estate was entitled to a resulting trust in the entire property, the court must first find that McHenry also paid the entire downpayment.

In its opinion, the court conceded: "... there is some confusion in the record as to the down payment and admittedly it can be said that Stapleton paid it."

Nevertheless, the court decided that "every other fact of record indicated that Stapleton intended McHenry to be the beneficial owner." The court placed particular emphasis on the testimony of Edward Friar, who had no interest or direct association with any of the parties, that as late as 1968, when Mr. Friar had complained about trees on the property which were overhanging his neighboring property, Mr. Stapleton had replied: "You see Milly McHenry, that's her property, she's handling that thing, that's out of my hands completely."

We agree with the chancellor. Although there was no direct proof of who paid the purchase price, all of these attending circumstances and admissions made by Stapleton at the time and since indicate that Stapleton always intended that McHenry was to be the beneficial owner for the entire property, in which case the court was justified in finding a resulting trust in favor of McHenry's administratrix for the entire property.

Appellants raise one more alleged error. They contend that the Dead Man's Act makes Mrs. McHenry, McHenry's widow, incompetent to testify. However, Mrs. McHenry's testimony does not relate to anything occurring prior to Stapleton's death. Her only testimony was to identification of certain written instru-

ments signed by her husband prior to his death. The Act of May 23, 1887, P. L. 158, §5, cl. (e), 28 P.S. 322, does not make such testimony incompetent.

Decree affirmed, costs to be borne by appellants.

Mr. Justice JONES took no part in the consideration or decision of this case.