## Sayre Estate.

Argued April 22, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*William H. Nast, Jr.,* with him *Clarence D. Bell,* and *Bell, Pugh, Sinclair & Prodoehl,* for appellant.

*Robert B. Surrick,* Special Assistant Attorney General, with him *Edward T. Baker,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 28, 1971:

This case deals with the applicabili+v of the Pennsylvania Inheritance Tax to several "in trust" savings accounts opened by Greta Rhoads Sayre in her lifetime, for her two sons.

Greta Rhoads Sayre died *May 21, 1968,* survived by two adult sons, Allyn T. Sayre, Jr. and Holland R. Sayre. *More than two years prior to her death,* decedent had opened five accounts at several *savings and loan associations.* Three of the accounts were designated "Greta Rhoads Sayre in Trust for Holland R. Sayre," and two were designated "Greta Rhoads Sayre in Trust for Allyn T. Sayre, Jr." No power of revocation or alteration was specifically reserved by the decedent, nor did she ever revoke or alter them. These five accounts, which totaled approximately $50,000, were

not included in the Inheritance Tax return filed by her executor, Holland R. Sayre. The Pennsylvania Department of Revenue made a re-appraisement of the Estate and included the bank accounts. A protest was filed by the executor with the Department of Revenue, and after the protest was denied, the executor took an appeal to the Orphans' Court Division of Delaware County.

The Orphans' Court Division hearing Judge held that the decedent *created irrevocable trusts* when she opened the accounts, and thus the accounts were not subject to Pennsylvania Inheritance Tax at her death. However, the Commonwealth's exceptions to this ruling were sustained by the Court en banc, and this appeal by the executor followed.

Although the law of trusts determines the question of the ownership of these accounts, we must not lose sight of the fact that this is a tax case and that we must look to the pertinent provisions of Article II of the Inheritance and Estate Tax Act of 1961, P. L. 373, 72 P.S. §2485-101 et seq., and our prior pertinent decisions interpreting it. These sections provide:

"ARTICLE II

TRANSFERS SUBJECT TO TAX

A. In General

"Section 201. Imposition of Tax.—An inheritance tax for the use of the Commonwealth is hereby imposed upon every transfer subject to tax under this act at the rates hereinafter specified.

. . .

C. *Inter Vivos Transfers**

"Section 221. Consideration; Quantum of Taxable Transfer.—

---

* Italics throughout, ours.

"(a) Consideration. All transfers of property, specified in sections 222-226, which are made during his lifetime by a resident or a nonresident, to the extent that they are made without valuable and adequate consideration in money or money's worth at the time of transfer, are subject to tax under this act.

. . .

"Section 226. Revocable and Tentative Trusts.—A transfer conforming to section 221(a), and under which the transferor has, *at his death,* either in himself alone, or in conjunction with any person not having an adverse interest, *a power to alter, amend or revoke the interest of the beneficiary,* is subject to tax under this act. Similarly, the relinquishment of such a power *in contemplation of death,* within the meaning of section 222, is a transfer subject to tax."

The question, therefore, is whether decedent had at her death "a power to alter, amend or revoke" the interests of her sons in the savings account trusts which she created.

It is a general and basic rule of trusts that when property is placed in the name of the donor in trust for a named beneficiary, a trust is created which is prima facie irrevocable, unless a power of revocation is expressly or impliedly reserved. However, there is firmly embedded in Pennsylvania a "tentative trust doctrine."* *Brose Estate,* 416 Pa. 386, 206 A. 2d 301. The tenative trust doctrine or exception to the general rule of trusts provides that, with respect to a deposit in a savings account by one person of his own money, in his own name as trustee for another, a *mere tentative trust, revocable at will,* is deemed to have been created. Nevertheless, extrinsic evidence, if clear and

---

* The writer of this Opinion has in the past disagreed with this doctrine, and still does. See my dissenting Opinion in *Ingels Estate,* 372 Pa. 171, 180, 92 A. 2d 881.

convincing, is admissible to prove that the depositor's intent was to create an irrevocable trust. *Brose Estate,* 416 Pa., supra.

The appellant-executor advances several facts and circumstances which he contends evidence the decedent's intent to create *irrevocable* trusts: (1) when opening the accounts, decedent refused to sign the revocable trust clause on the reverse side of the savings and loan associations' agreements (or signature cards) of deposit, saying, "I will not sign anything unless Mr. Bell reads it first"; (2) there were no principal withdrawals from any of the five savings accounts during decedent's lifetime; (3) the decedent did not include in her Federal Income Tax return the interest on these savings accounts; and (4) at least two of the accounts were established in the presence of Holland R. Sayre, a beneficiary. The Commonwealth, on the other hand, contends that the issue is governed and controlled entirely by a stipulation of counsel, which appears in the record, that the decedent had the power to "alter, amend or revoke" the trust accounts during her lifetime. As we shall see, the stipulation does not so state.

The stipulation merely states that if the savings and loan association officers were called, each would testify that the decedent had the power to "alter, amend or revoke." Such testimony, without more, may mean that that is the policy of the bank or the officers' interpretation or understanding of the legal effect of such a deposit, and their conclusion is not binding on the Courts. Moreover, decedent's failure to include the interest from the savings accounts in her Federal Income Tax return* could be the result of her misunderstanding of the Federal tax laws.

---

* There was no evidence as to whether the cestui que trust ever received any income from these bank accounts.

To summarize: we have carefully considered appellant-executor's contentions, as well as the entire record, and conclude that the factors asserted in support of irrevocability are far from "clear and convincing."

Decree affirmed; each party to pay own costs.