333 A.2d 861
Gloria MASGAI a/k/a Gloria Gianfriddo, Appellant,

v.

James MASGAI.

Supreme Court of Pennsylvania.

Argued April 18, 1974.

Decided March 18, 1975.

454

Edwin S. Moore, III, Philadelphia, for appellant.

Louis W. Fryman, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROB-ERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

POMEROY, Justice.

This suit in equity was brought by Gloria Masgai to obtain a partition of a parcel of real estate in Philadelphia, held in the joint names of the plaintiff and defendant. The title of the parties is derived from the most recent deed to the property, dated May 15, 1968 and duly recorded, wherein they are named as "James Masgai and Gloria, his wife," and their capacity as takers is described as "tenants by the entireties." [1]

James Masgai, in his answer to the complaint, denied that Gloria had any interest in the premises or was entitled to partition and asserted that he was the sole owner. After a trial the chancellor found in favor of James, declaring him to be the sole owner, forbade plaintiff from asserting any right, title or interest in the property, and dismissed the complaint. Exceptions were dismissed by a court en banc and a final decree entered. This appeal followed. [2]

It is undisputed that James Masgai and Gloria Masgai were never formally married. They lived together, however, as husband and wife intermittently over a three year period between 1966 and 1969. Gloria called herself "Mrs. Masgai" with the knowledge and consent of James. During this period the parties maintained several charge accounts in their joint names at retail stores; they also filed joint income tax returns as husband and wife.

While in this relationship, James decided to buy a home, and entered into an agreement for the purchase of the property here involved. The purchase price consisted of a $1600 down payment made at the time of execut-

1. The deed was not introduced into evidence, but its terms as recited were stipulated.
2. Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202(4), 17 P.S. § 211.202(4) (Supp.1974).

ing the agreement and the assumption by the grantees of the balance of an existing installment mortgage on the premises in the amount of approximately $8200.[3] James made all of the mortgage payments until January of 1969, when difficulties with his "wife" caused him to leave the house. The next five payments on the mortgage obligation were made by Gloria. In October of 1969 she also left the residence, although her daughter continued to live there. This action was brought in 1972.

Preliminarily, we observe that it is not possible for two persons who are not married to one another to hold title to land as tenants by the entireties; marriage is an essential ingredient of such an estate. *Simpson v. Simpson,* 404 Pa. 247, 172 A.2d 168 (1961) ; *Pennsylvania Bank & Trust Co. v. Thompson,* 432 Pa. 262, 247 A.2d 771 (1968). Whether the joint title of appellant and appellee is that of joint tenants with a right of survivorship or that of tenants in common is "a question of fact and intention;" *Simpson v. Simpson, supra,* at 265 of 404 Pa., at 172 of 172 A.2d; its resolution depends particularly upon whether or not an intention to create a right of survivorship either appears in the language of the conveyance or can be derived from the situation of the parties. *Simpson v. Simpson, supra;* see also *Pennsylvania Bank & Trust Co. v. Thompson, supra; First Federal Savings & Loan Assoc. of Greene Co. v. Porter,* 408 Pa. 236, 183 A.2d 318 (1962). This, however, is a question which we need not here decide, for in either case the appellant, if she is a joint owner, had standing to maintain an action for partition. See Lad-

---

**3.** While only James Masgai as vendee executed the sale agreement, which provided for the assumption of the mortgage debt, both James and Gloria were grantees in the deed wherein the assumption and agreement to pay was contained. The record does not indicate whether or not there was a complete novation, with the Masgais being substituted for the original obligors on the mortgage bond. Gloria Masgai attended the closing, and testified that she signed documents on that occasion.

**458**

ner on Conveyancing in Pennsylvania § 1.12 at 13 and § 1.14 at 16 (3rd ed. Wood 1961).

The trial court, in holding that, the deed notwithstanding, Gloria Masgai was not in reality a joint owner and so entitled to partition, found that her interest in the property was held by her as a trustee of a resulting trust for the benefit of appellee. The appellant contests this finding on essentially two grounds: that it is based upon testimony which was improperly admitted into evidence, and that it is not supported by the evidence which was presented, even including that which was improperly admitted. We agree that the evidence was insufficient to establish the existence of a resulting trust.[4]

As a general rule, "[w]here a transfer of property is made to one person and the purchase price is paid by another a resulting trust arises in favor of the person by whom the purchase price is paid." Restatement (Second) of Trusts § 440 (1959) [hereinafter cited as "Restatement"] ; see *McHenry v. Stapleton*, 443 Pa. 186, 191–92, 278 A.2d 892 (1971) ; *Zahorsky v. Leschinsky*, 394 Pa. 368, 372, 147 A.2d 362 (1959) ; *Godzieba v. Godzieba*, 393 Pa. 544, 548, 143 A.2d 344 (1958) ; *Purman v. Johnston*, 343 Pa. 645, 649, 22 A.2d 722 (1941) ; IV J. Pomeroy, Equity Jurisprudence § 1037 (5th ed. Symons 1941) ; V A. Scott, Trusts § 440 (3rd ed. 1967). This rule is based upon an inference that "the purchaser does not intend that the transferee should have the beneficial interest in the property, but that the purchaser himself shall have the beneficial interest." Restatement (Second) of Trusts, Introductory Note to Topic 4, at 391 (1959). Thus, no resulting trust arises "if the person by whom the purchase price is paid manifests an intention that no resulting trust should arise." Restatement § 441; see *Orth v. Wood*, 354 Pa. 121, 47 A.2d 140 (1946) ; V A. Scott, Trusts § 441 (3rd ed. 1967). Furthermore

---

4. In light of this disposition, there is no need to pass upon the correctness of the chancellor's evidentiary rulings.

"[t]he fact that the payor takes title to property in the name of himself and another jointly is an indication of an intention of the payor to make a beneficial gift of an undivided interest in the property to the other person; and in the absence of evidence of a different intention of the payor, the other person does not hold his interest upon a resulting trust for the payor. This is true whether the transfer was made to the payor and the other person as joint tenants or as tenants in common." *Id.*, Comment e; V A. Scott, Trusts § 441.4 (3rd ed. 1967).

■■ The premise of the rule stated in § 440 of the Restatement is that the purchase price be paid by the person in whose favor the resulting trust arises. That premise is not here present, for although James Masgai made the down payment on the new home, the mortgage debt which comprised the balance of the purchase price was assumed by both James and Gloria. The record is devoid of any showing that there was an understanding between James and Gloria that James was to satisfy this joint and several undertaking. See Restatement § 456 and particularly comments d and g thereto. Thus Gloria was herself exposed to personal liability,[5] and has in fact made at least five of the mortgage instalment payments.

More importantly, however, as indicated above, the presumed intention to create a trust which § 440 of the Restatement enunciates is rebutted where the title to the property being purchased is taken in the name of the payor *and* another person jointly; this kind of arrange-

---

5. One who by acceptance of a deed assumes and agrees to pay a mortgage to which the property is subject becomes liable both to his grantor and also to the mortgagee as a third party beneficiary. See *Steinert v. Galasso*, 363 Pa. 393, 69 A.2d 841 (1949). If the conveyance is made under and subject to a mortgage but without an express assumption, there is no direct obligation to the mortgagee on the part of the grantee. Act of June 12, 1878, P.L. 205, § 1, 21 P.S. § 655. See *Meco Realty Co. v. Burns*, 414 Pa. 495, 200 A.2d 869 (1964). Rather, the obligation of the grantee is to indemnify the grantor from the mortgage obligation, including any deficiency judgment following foreclosure. See *Heaney v. Riddle*, 343 Pa. 453, 23 A.2d 456 (1942).

ment, absent evidence of a different intention, is an indication of a gift of half interest by the payor to the other person. While our research has disclosed no Pennsylvania cases dealing with this factual situation, the view that a gift to the joint transferee is intended is supported by respectable authority. See V A. Scott, Trusts, *supra* at 3332, n. 2, and we know of no decision to the contrary.

■ We have examined the record and must conclude that James failed to establish that, at the time of the conveyance of the property to himself and Gloria, he did not intend to make a gift to her. His explanation for taking the property in joint title was that when in May of 1968 Gloria learned of the impending purchase, she said "You should put my name on it . . . so you can get the mortgage easier. Single people can't get anything." In view of the fact that the sale agreement had already been entered into, that the agreement called for "purchasers taking over the existing mortgage," that no independent financing was contemplated or necessary, and that James never had any contact with the mortgagee, this testimony is quite unconvincing.

■ One who seeks to establish the existence of a resulting trust bears a heavy burden of proof; the evidence must be "clear, direct, precise, and convincing." *Policarpo v. Policarpo*, 410 Pa. 543, 189 A.2d 171 (1963); see also *Wosche v. Kraning*, 353 Pa. 481, 46 A.2d 220 (1946); cf. *Sayre Estate*, 443 Pa. 548, 279 A.2d 51 (1971); *Brose Estate*, 416 Pa. 386, 206 A.2d 301 (1965). This Court has held that "unless the evidence of the existence of an oral trust is of the highest probative value, equity should not act to convert an absolute ownership into an estate of lesser quantity." *Sechler v. Sechler*, 403 Pa. 1, 7, 169 A.2d 78, 81 (1961). The facts and circumstances from which a court may find a resulting trust should be of no lesser probative value. See *Policarpo v. Policarpo, supra.* We find that the appellee has not

met that burden in this case.[6]  It follows that the appellant as owner of an undivided one-half interest in the property, was entitled to the partition for which suit was brought.

The decree of the trial court is reversed and the case is remanded for further proceedings to effectuate the partition.  Costs on appellee.

6.  See also *Orth v. Wood*, 354 Pa. 121, 47 A.2d 140 (1946), and *Wosche v. Kraning*, 353 Pa. 481, 46 A.2d 220 (1946), both of which cases involved an application of resulting trust principles to situations in which a man and woman, though unmarried, were living together.