## George v. Madden

*Allen N. Brunwasser,* for plaintiff.
*Henry L. Miller,* for defendant.

COLBERT, *J.,* October 14, 1976. — The matter before the court is the partition of a parcel of real estate situate in the Borough of Bethel Park, County of Allegheny, Commonwealth of Pennsylvania, upon which is erected a single-family dwelling house known as 3531 South Park Road and which is designated as Block 568-N, Lot 248, in the Deed Registry records of said county.

The parties to these proceedings are more or less in accord with respect to the following facts. The subject premises were conveyed to them by deed dated November 1, 1967, and recorded in the Recorder's Office of Allegheny County, Pennsylvania, in Deed Book Volume 4479, page 554. The down payment for this purchase was supplied by defendant. The parties at the time of this conveyance were not as yet married, their marriage being consummated on November 3, 1967, which marriage was subsequently dissolved by a decree in divorce dated March 26, 1969. The current title to the property is in the names of Monica George, plaintiff herein, and Robert J. Madden, defendant. The property has an estimated market value of $32,000; it is subject to an unpaid balance due on a first mortgage held by Pittsburgh National Bank; and is currently occupied by the said Robert J. Madden. Plaintiff contends that during the marriage the bulk of her earnings were deposited in a

common joint account with defendant and these joint funds were used to pay household expenses, including the monthly mortgage payment.

The only issue involved in this proceeding is whether or not plaintiff has a right to partition of this property.

The law in Pennsylvania provides that a husband and wife who own property by the entireties during marriage hold that property as tenants in common after a divorce: Act of May 10, 1927, P.L. 884, as amended, 68 P.S. §501. The statute further explicitly permits partition of such property on the motion of either party. In the case of such partition, each party is permitted an equal one-half share of the property or its value.

Although the subject property was acquired by the parties shortly before their marriage, it is clear from the evidence that they intended it to be their residence during marriage. It has been held that personalty "acquired *in anticipation of* or during marriage, and which has been possessed and used by both spouses, will, in the absence of evidence showing otherwise, be presumed to be held jointly by the entireties." DiFlorido v. DiFlorido, 459 Pa. 641, 331 A.2d 174 (1975). (Emphasis supplied.) There appears to be no reason why this principle should not be applied to real estate acquired by an engaged couple in anticipation of marriage. It follows that, after their divorce, the parties held the premises as tenants in common with the right of equal partition.

Defendant has maintained that plaintiff's title to the property is held by her as trustee of a resulting or a constructive trust for defendant. Neither of these claims is justified by the evidence. A resulting trust arises when the purchaser of property

places title in the name of another. The presumption arises in such cases that the purchaser intended to retain the beneficial title in himself. However, this presumption is rebutted where the purchaser takes title himself jointly with another or where the titleholder has contributed to the purchase of the property: Masgai v. Masgai, 460 Pa. 453, 333 A.2d 861 (1975); Scott, Trusts, §§440 and 441 (3rd ed., 1967).

In the instant case, plaintiff and defendant took title jointly. Moreover, it is not disputed that plaintiff contributed at least some moneys toward the purchase price of the property, and she is also jointly liable with defendant on the mortgage and its accompanying bond. It follows that there can be no inference that defendant in any way intended to create a trust for his benefit when he agreed to jointly purchase the property with plaintiff. In Masgai, supra, under substantially the same facts, the court held that any presumption of a resulting trust was rebutted by joint tenancy of the parties and the liability of the plaintiff on their mortgage.

Defendant's contention that a constructive trust has arisen in his favor is based upon his claim that plaintiff "fraudulently" induced him to purchase the property and to pay her bills and then left him. Defendant claims that a partition under the circumstances would unjustly enrich plaintiff. A constructive trust in these circumstances would result if one spouse exploited a confidential marriage relationship to induce the other to contribute his personal funds to the entireties by use of fraud or undue influence: Butler v. Butler, 229 Pa. Superior Ct. 753, 347 A.2d 477 (1974). In the Butler case, the Supreme Court held that a confiden-

tial relationship does not exist in marriage as a matter of law, but must be proven by facts showing that one spouse controlled the affairs of the family and the other spouse habitually relied upon the dominant spouse's judgment. A constructive trust arises only where the dominant spouse uses his position to induce the other's contribution and an obvious injustice thereby results.

In the instant case, there is no evidence that plaintiff exercised any sort of exclusive dominion or control over the affairs of the family or that defendant was in any way unfairly induced to purchase the premises or to place it in joint tenancy. Defendant is a former Internal Revenue Service investigator and presently is the managing employe of a major corporation's employe credit union, both highly responsible positions requiring sound judgment in financial matters. He was apparently quite capable of handling his own affairs and did not unduly rely upon his fiancee's judgment or superior knowledge when he elected to purchase the premises jointly with her. He knew, or should have known, of the consequences of his actions. There is no basis for his claim of a constructive trust.

It has also been contended by defendant that plaintiff's action is barred on the ground of laches. Laches is an equitable remedy which will arise to block plaintiff's cause of action where, through want of due diligence in prosecuting his case, plaintiff has unduly prejudiced or injured defendant: Wilson v. King of Prussia Enterprises, Inc., 422 Pa. 128, 133, 221 A.2d 123 (1966). Defendant's claim that he has been prejudiced by plaintiff's delay is based exclusively on his contention that he has been required to pay all mortgage and house-

hold maintenance expenses since his divorce. This is insufficient evidence to prove true prejudice. In return for his outlay of maintenance and mortgage money, defendant has had the exclusive possession and enjoyment of the property for six years. His out-of-pocket expenses would have been necessarily incurred for rental, mortgage or maintenance costs wherever he lived. No additional penalty has been incurred by the delay in filing this action.

Finally, defendant contends that because plaintiff left the premises voluntarily and has not been forcibly excluded therefrom, she has no right to maintain this action. With this contention, the court does not agree. Exclusive possession of the property by one co-tenant is not a prerequisite for the maintenance of an action in partition: 68 P.S. §501. The court notes that recovery of rental value by one co-tenant must be based upon a finding of exclusive possession by another co-tenant, but "exclusive" used in this sense means only that one co-tenant is in sole possession of the premises and the other tenant is absent. There is no need to show that the absent tenant was forcibly excluded from the premises: Sciotto v. Sciotto, 446 Pa. 414, 288 A.2d 822 (1972). Therefore, any question of forcible exclusion of plaintiff from the premises is irrelevant to this action.

Plaintiff's request for a partition should be granted.

## ORDER DIRECTING PARTITION

And now, October 14, 1976, it is hereby ordered, adjudged and decreed that partition be made of

real estate situate in the Borough of Bethel Park, County of Allegheny, Commonwealth of Pennsylvania, as more specifically described in plaintiff's complaint, between the parties therein named as follows: to Monica George, one-half share; to Robert J. Madden, one-half share.