Jean **BARRISH**

v.

Albert M. **FLITTER**, et al.

Civ. A. No. 88–8246.

United States District Court,
E.D. Pennsylvania.

April 17, 1989.

I. Sidney Sherwin, Philadelphia, Pa., for plaintiff.

Mitchell H. Sheinoff, Jenkintown, Pa., for defendant, Albert M. Flitter.

Marlena Siegel, Philadelphia, Pa., for defendants, American Gen. and Mfrs. Hanover CDC.

Beverly A. Moses, U.S. Dept., of Justice, Washington, D.C., for defendant, I.R.S.

## MEMORANDUM AND ORDER

DUBOIS, District Judge.

Presently before me in this action for injunctive and declaratory relief is the Motion of one of the defendants, United States of America (hereinafter sometimes referred to as "Government"), for Summary Judgment Pursuant to Fed.R.Civ.P. 56. Oral argument was heard on the Motion on March 31, 1989. The Court has jurisdiction pursuant to 28 U.S.C. §§ 2410(a)(1) and 1340 and 26 U.S.C. §§ 7402 and 7403.

Plaintiff, in her Complaint, asks the Court to declare that the property located at 10610 Evans Street, Philadelphia, Pennsylvania ("the property") is being held by defendant, Albert M. Flitter, the owner of record, in trust for her, that title to the property should be transferred to her, and that a lien on the property held by defendant, United States of America, and a judgment and mortgage held by defendant, American General CDC, both creditors of Albert M. Flitter, are null and void.

It is Ms. Barrish's position that the resulting trust makes her the beneficial owner of the property and that, since none of the encumbrances on the property were authorized by her, they are invalid. The Government's Motion for Summary Judgment is based on the contention that Pennsylvania State law prohibits the plaintiff from asserting the alleged trust as a defense to the Government lien. As a necessary corollary of that argument, if the trust does not provide a defense to the Government lien, it cannot provide a defense to the judgment and mortgage held by American CDC. For the following reasons, the Government's Motion for Summary Judgment will be granted.

On September 17, 1973, defendant Albert M. Flitter purchased the property for $33,-900.00. The plaintiff Jean Barrish supplied Mr. Flitter with the down payment of $6,800.00. The balance of the purchase price, $27,100.00, was provided by a mortgage. Ms. Barrish and Mr. Flitter are first cousins. Ms. Barrish alleges that she and Mr. Flitter created a resulting trust at the time of purchase whereby Mr. Flitter agreed to hold the property in trust for Ms. Barrish and further agreed to transfer title to Ms. Barrish on her request. A written declaration of trust was never recorded, executed or even prepared, and Ms. Barrish has never instituted an action for ejectment against Mr. Flitter.

Ms. Barrish has lived in the property from the date of its acquisition to the present time. The property is a two-story duplex; Ms. Barrish occupies the first floor and arranges for the rental of the second floor. Since the date of acquisition, Ms. Barrish has made all mortgage payments, has paid all real estate taxes on the property, all water and sewer rent charges, all insurance premiums, and all necessary repairs and maintenance. In addition, Ms. Barrish has managed the property since its acquisition and has provided all necessary services and maintenance required by the second floor tenant. When vacancies occurred in the rental apartment, Ms. Barrish paid for advertising in local newspapers to obtain a new tenant, and made all the necessary leasing arrangements. Ms. Barrish received all of the rental income; Mr. Flitter has never received any rental income from the property.

During the years 1980 and 1981, Mr. Flitter incurred Federal Income Tax deficiencies. As a result of these deficiencies, the Government made various tax assessments against him and filed notices of federal tax lien in the Prothonotary's office in Philadelphia County on July 8, 1981, October 8, 1985 and February 13, 1986. The federal tax lien is an encumbrance on all property or rights to property of Mr. Flitter. The Government contends that the lien also encumbers the property in question because Mr. Flitter is the owner of record.

Mr. Flitter filed a petition in bankruptcy on or about February 22, 1982. On or about July 23, 1982, he was discharged from bankruptcy pursuant to Chapter 7 of the Bankruptcy Code.[1]

On May 24, 1982, Mr. Flitter entered into a loan agreement with Finance One Consumer Discount Company for $5,475.85, and he secured the loan with a mortgage on the property. That mortgage is now held by defendant American General CDC.

On May 18, 1988, Manufacturers Hanover CDC (now American General CDC) in-

stituted a foreclosure action against Flitter. Manufacturers Hanover CDC obtained a default judgment against Flitter and executed on the judgment on September 1, 1988. A sheriff's sale was scheduled for December 5, 1988, but that sale was postponed pending the resolution of the present action. The Internal Revenue Service issued a final notice of intention to levy on July 18, 1988, but the Service has also agreed to take no action until the present action is resolved.

The Government liens on the property are estimated to be $10,097.87 as of January 20, 1989, and the judgment by default on the mortgage was in the amount of $8,754.35. On April 2, 1988, the property was appraised at $75,000.00.

There is no evidence, nor any allegation, that Finance One Consumer Discount Company, the original mortgagee, had actual knowledge or notice of the resulting trust between Ms. Barrish and Mr. Flitter until after Mr. Flitter mortgaged the property in 1982. Similarly, there is no evidence, nor any allegation, that the Government had any actual notice or knowledge of the resulting trust between Ms. Barrish and Mr. Flitter until after the Notices of Federal Tax Lien had been filed. In addition, for the purposes of this Motion, the Court will assume that Ms. Barrish did not consent to the mortgage in 1982, and that she had no knowledge of the mortgage.

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is mandatory when "a party ... fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

---

**1.** The parties stipulated at oral argument held on March 31, 1989 that the discharge in bankruptcy had no effect on the claims and liens of

the United States of America and American General CDC which are at issue in this case.

Under Pennsylvania law, the general rule is "[w]here a transfer of property is made to one person and the purchase price is paid by another a resulting trust arises in favor of the person by whom the purchase price is paid." *Masgai v. Masgai*, 460 Pa. 453, 333 A.2d 861, 864 (1980), *quoting* Restatement (Second) of Trusts § 440 (1959). The general rule is based upon the inference that the person paying the purchase price does not intend that the transferee should have the beneficial use of the property, and that the person paying the purchase price should have the beneficial interest. *Id.* The inference may be overcome if the person paying the purchase price manifests an intention that no resulting trust should arise. *Id.*

On the record in this case, I find that a resulting trust was created when Mr. Flitter purchased the property with money supplied by Ms. Barrish, a conclusion that is not disputed by any of the parties to this action.

Although Pennsylvania law does not prohibit the creation of a resulting trust by oral agreement, Section 1 of the Act of 1901 provides that:

> Whenever hereafter a resulting trust shall arise with respect to real property, by reason of the payment of the purchase money by one person, and the taking or making of a legal title in the name of another, if the person advancing the purchase money has the capacity to contract, such resulting trusts *shall be void and of none [sic] effect* as to bona fide judgment or other creditors, or mortgagees of the holder of the legal title, or purchasers from such holder without notice unless either (1) a declaration of trust in writing has been executed and acknowledged by the holder of legal title, and recorded in the recorder's office of the county where the land is situated, or (2) unless an action in ejectment has been begun, in the proper county, by the person advancing the money, against the holder of legal title.

21 P.S. § 601 (emphasis added).

The Government, as a lien creditor, and American General CDC, as judgment holder and mortgagee, are both members of the class of creditors sought to be protected by Section 1 of the Act of 1901. That law "is not limited to the protection of the holders of judgment notes who appraise the value of the debtor's real property, estimate his equity in it and then file a judgment which is solid security for a loan." *Penn Mutual Life Insurance Co. v. Finkel*, 428 Pa. 11, 235 A.2d 396, 399 (1967). "The protection of the statute extends generally to judgment and other lien creditors, many of whom file their judgments mechanically, without relying on anything other than an undefined hope of somehow, someday realizing something thereon." *Id.*

Ms. Barrish does not contest that she had the capacity to contract when the property was purchased. In addition, there are no allegations that suggest the exceptions to the rule would allow the Court to validate the trust and void the judgment, mortgage and lien held by the Government and American General CDC. Ms. Barrish does not allege that a written declaration of trust was recorded in Philadelphia County, nor does she allege that an action of ejectment has started against Mr. Flitter.[2]

Ms. Barrish contends that the Act of 1901 should not apply because the Government and American General CDC had constructive notice of the resulting trust. In support of this contention, the plaintiff cites *Malamed v. Sedelsky*, 367 Pa. 353, 80 A.2d 853 (1951). *Malamed* is inapplicable to the facts of this case. In that case, the trustee executed and delivered to the beneficiary the deed to the property at issue before the trustee became a debtor, although the deed was not recorded until after the trustee had become a debtor. The Supreme Court of Pennsylvania held that the execution and delivery of the deed

---

2. Plaintiff's counsel made an offer of proof in his supplemental memorandum dated April 12, 1989 that Mrs. Barrish would testify that Mr. Flitter refused to transfer title to her when she made a request. However, this testimony would be insufficient to establish an exception to the Act of 1901. The Act provides an exception where the beneficiary of the resulting trust commences an action in ejectment against the trustee. A request by the beneficiary for the transfer of title, without more, does not provide an exception to the rule.

by the trustee to the beneficiary fully executed the trust; recording the deed was not necessary to fully execute the trust. *Id.*, 80 A.2d at 854. The Court then held that once the trust is fully executed the Act of 1901 does not apply. *Id.*

Ms. Barrish does not allege that the trust was fully executed. Therefore, the resulting trust between Ms. Barrish and Mr. Flitter is controlled by the Act of 1901. Constructive notice of Mrs. Barrish's interest in the property is not enough to avoid the application of that statute. "[I]t seems quite clear that the notice contemplated by the Act [of 1901] is actual notice." *Rochester Trust Co. v. White*, 243 Pa. 469, 90 A. 127, 129 (1914). There is no evidence of actual notice in this case.

Because the law in this case is clear, I am constrained to grant the Government's Motion for Summary Judgment.

An appropriate Order follows.

### ORDER

AND NOW, to wit, this 17th day of April, 1989, upon consideration of the Government's Motion for Summary Judgment, and the responses of the plaintiff Jean Barrish and defendant Manufacturers Hanover CDC (now American General CDC), and good cause appearing, IT IS ORDERED:

1. The Motion of the United States of America for Summary Judgment is GRANTED;

2. Judgment is entered against the plaintiff, Jean Barrish, and in favor of the defendants, Internal Revenue Service and the United States of America, on Count III of the plaintiff's Complaint; and,

3. Judgment is entered against the plaintiff, Jean Barrish, and in favor of the defendant, Manufacturers Hanover CDC, on Count II of the plaintiff's Complaint; and,

4. All remaining causes of action are DISMISSED without prejudice.