IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Jackson, Administrator of   :
the Estate of Florence Jackson,   : No. 2065 C.D. 2015
Deceased,   : Argued: May 12, 2016
  :
                    Appellant   :
  :
          v.   :
  :
City of Philadelphia and   :
Fairmount Long Term Care   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                         FILED: July 13, 2016


Eric Jackson (Plaintiff), Administrator of the Estate of Florence Jackson, Deceased (Decedent) appeals from the judgment entered in the Philadelphia County Court of Common Pleas (trial court) in favor of the City of Philadelphia (City) d/b/a Fairmount Long Term Care (Fairmount) and against Plaintiff following a jury trial.[1] We affirm.

On October 27, 2010, Decedent was a 64-year old woman who suffered a right-sided stroke with left-sided paralysis. She was initially treated at Lankenau Hospital until November 3, 2010, when she was transferred to Bryn

---

[1] Plaintiff initially appealed from the judgment to the Superior Court; however, the Superior Court transferred the appeal to this Court because the City is a party in this matter.

Mawr Rehabilitation Hospital. On November 19, 2010, she was admitted to Philadelphia Nursing Home (PNH) because she needed long term care rather than aggressive rehabilitation. Fairmount, a nonprofit corporation, operated PNH at that time pursuant to an operating agreement. Decedent lost 22 pounds following her admission to PNH. The PNH nursing notes reflect that Decedent was confused at baseline, oriented to person only, and had episodes of hallucinations and non-logical speech during the later parts of her stay. There are no notes to document her care for a six-week period of her stay in PNH. On January 15, 2011, Decedent was found unresponsive with rectal bleeding and taken to St. Joseph's Hospital for emergency care where she was admitted and died the following day.

On December 31, 2012, Plaintiff, as Administrator of Decedent's estate, filed this lawsuit against the City and PNH. In his amended complaint, Plaintiff sought damages for wrongful death, survival, and negligence against both the City and Fairmount; corporate negligence against Fairmount; and Section 1983, 42 U.S.C. §1983, civil rights violations against the City. The trial court sustained the City's preliminary objections and dismissed the counts against the City because it is immune from suit under Section 8541 of the statute frequently referred to as the Political Subdivision Tort Claims Act.[2] The trial court overruled Fairmount's preliminary objections and directed it to file an answer to the amended complaint.

On March 16, 2015, the case proceeded to trial before a jury. The trial court denied Fairmount's pretrial motions *in limine*, including one to preclude evidence supporting Plaintiff's corporate negligence claim regarding Fairmount's

---

[2] 42 Pa. C.S. §8541. Section 8541 states, in relevant part, that "no local agency shall be liable for any damages on account of any injury to a person . . . caused by any action of the local agency or an employee thereof or any other person."

standard of care or its deviation therefrom. The trial court also denied Plaintiff's pretrial motion *in limine* to preclude evidence regarding Decedent's smoking and alcohol use to the extent that Plaintiff "opened the door" to the admission of this evidence. Plaintiff's expert, Dr. Cornacchione, opined that Decedent's cause of death was PNH-acquired pneumonia that ultimately led to fatal sepsis. Reproduced Record (R.R.) at 1286a. Fairmount's expert, Dr. Silver, opined that the cause of death was precipitated by Decedent's stroke and her many medical issues in combination which caused the spontaneous development of sepsis and multi-system organ failure. Supplemental Reproduced Record (S.R.R.) at 21b. At the conclusion of Plaintiff's case, the trial court entered a nonsuit on the corporate negligence claims. The trial court denied Plaintiff's request for a spoliation of evidence charge due to the six-week gap in the notes regarding Decedent's care.

On March 30, 2015, the jury returned a verdict finding that Fairmount was negligent in the care and treatment rendered to Decedent, but that Fairmount's negligence was not a factual cause in bringing about harm to Decedent. As a result, on April 1, 2015, judgment was entered in favor of Fairmount and against Plaintiff. Plaintiff filed post-trial motions seeking recusal of the trial judge alleging that she was biased because she served as a prosecutor in the Homicide Division of the Philadelphia District Attorney's Office (DA's Office) from 1992 to 1995, when Plaintiff was tried for criminal homicide. Plaintiff also filed a motion for a new trial challenging the trial court's evidentiary rulings, entry of nonsuit, and jury instructions. The trial court denied the motions and Plaintiff filed this appeal.[3]

---

[3] "When reviewing the trial court's denial of post-trial motions, our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law." **(Footnote continued on next page…)**

3

Plaintiff argues:[4] (1) the trial court erred in failing to disclose that she worked in the District Attorney's Office at the time that Plaintiff was prosecuted for homicide and in failing to recuse herself;[5] (2) the trial court erred in dismissing the 42 U.S.C. §1983 claims against the City and PNH;[6] (3) the trial court erred in dismissing the corporate negligence claims and in failing to remove the nonsuit;[7]

---

**(continued…)**

*Commonwealth ex rel. Corbett v. Manson*, 903 A.2d 69, 73 n. 4 (Pa. Cmwlth. 2006). An abuse of discretion by the trial court is defined as manifest unreasonableness, partiality, prejudice, bias, ill-will, or such lack of support as to be clearly erroneous. *Snyderman v. Pennsylvania Liquor Control Board*, 682 A.2d 1322, 1325 (Pa. Cmwlth 1996).

[4] Additional claims raised in his appellate brief have been waived by Plaintiff's failure to include them in the Statement of Questions Presented portion of the brief. Pa. R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); *Mooney v. Greater New Castle Development Corp.*, 510 A.2d 344, 348 n.4 (Pa. 1986) ("The Superior Court refused to decide this question because it was not set forth in the statement of questions involved as required by Pa. R.A.P. 2116; and therefore, it was not properly before that court. For this reason we will not consider the question.").

[5] It is presumed that a judge is unbiased and impartial, *Beharry v. Mascara*, 516 A.2d 872, 875 (Pa. Cmwlth. 1986), *appeal denied*, 527 A.2d 548 (Pa. 1987), and that a judge has the competence to assess her ability to make rulings impartially and without prejudice. *Commonwealth v. Tedford*, 960 A.2d 1, 55 (Pa. 2008). It is also well settled that a party seeking recusal or disqualification of a trial judge must raise the objection at the earliest possible moment or the claim will be regarded as time barred. *Reilly v. Southeastern Pennsylvania Transportation Authority*, 489 A.2d 1291, 1300 (Pa. 1985). "Once the trial is completed with the entry of a verdict, a party is deemed to have waived his right to have a judge disqualified, and if he has waived that issue, he cannot be heard to complain following an unfavorable result." *Id.* (citation omitted).

[6] Our review in a Section 1983 action is limited to determining whether the trial court abused its discretion or committed clear legal error. *Tristani v. City of Pittsburgh*, 755 A.2d 52, 55 n.3 (Pa. Cmwlth. 2000), *appeal denied*, 782 A.2d 551 (Pa. 2001).

[7] In reviewing the propriety of the entry of a nonsuit, it is only proper if the factfinder, viewing all of the evidence in favor of the plaintiff, could not reasonably conclude that the
**(Footnote continued on next page…)**

4

(4) the trial court erred in refusing to permit the content of federal and state laws, regulations, and guidelines to be used at trial to establish negligence;[8] and (5) the trial court erred in allowing the admission of the prejudicial evidence regarding Decedent's history of smoking and alcohol abuse.[9]

---

**(continued…)**

essential elements of a cause of action have been established. *Joyce v. Boulevard Physical Therapy & Rehabilitation Center*, 694 A.2d 648, 652-53 (Pa. Super. 1997), *appeal denied*, 740 A.2d 1148 (Pa. 1999). An order denying a motion to remove a compulsory nonsuit will be reversed on appeal only if the trial court abused its discretion or committed an error of law. *Graf v. County of Northampton*, 654 A.2d 131, 133 n.2 (Pa. Cmwlth. 1995).

[8] Our review of the trial court's rulings on admissibility of evidence is to determine whether the court abused its discretion in deciding to admit or exclude the evidence in question. *Aiello v. Southeastern Pennsylvania Transportation Authority*, 687 A.2d 399, 401 n.2 (Pa. Cmwlth. 1996), *appeal dismissed*, 720 A.2d 1050 (Pa. 1998). To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party. *Winschel v. Jain*, 925 A.2d 782, 794 (Pa. Super. 2007), *appeal denied*, 940 A.2d 366 (Pa. 2008).

[9] Plaintiff raises an additional claim that the trial court erred in responding to the jury's question by creating a duty of care for Decedent's sisters because she had executed a power of attorney. At trial, Plaintiff argued that Fairmount did not meet its standard of care with regard to keeping Decedent's family apprised of the degree of her illness and his expert, Nurse Allen, testified in this regard. R.R. at 1238a-1239a. Plaintiff's counsel also cross-examined Dr. Silver on whether Decedent's sisters and family were not informed that she had refused care. S.R.R. at 23b. During its deliberations, the jury asked, "Since power of attorney[/]sisters were referred to but not here during this trial[/]testimony, are we allowed to consider their role or lack thereof? Why weren't they present to testify?" R.R. at 1407a. The trial court answered the question very generally and briefly, stating that the jurors "may consider all the evidence," "may consider the lack thereof that was presented," and "may take any inferences [they] wish that are appropriate from that evidence or the lack thereof." *Id.*

Contrary to Plaintiff's assertion, the trial court's response is not prejudicially erroneous because it never referenced or implied that a duty of care was present for Decedent's sisters. "While the fact that the question was asked would indicate that some confusion existed, a new trial should not be ordered unless it can be shown that the confusion worked to the detriment of the losing party. . . . In order to obtain a new trial the moving party must demonstrate in what **(Footnote continued on next page…)**

5

With regard to the numerous claims that Plaintiff raises in this appeal, we conclude that the trial court thoroughly and correctly analyzed these issues and this matter is ably disposed of in the comprehensive and well-reasoned opinion of the Honorable Shelley Robins New. Accordingly, we affirm on the basis of her opinion in *Eric Jackson, Administrator of the Estate of Florence Jackson, Deceased v. City of Philadelphia d/b/a Philadelphia Nursing Home and Fairmount Long Term Care*, (Phila. C. P. No. 03871 December Term, 2012 filed December 21, 2015).

MICHAEL H. WOJCIK, Judge

---

**(continued…)**

way the trial error caused an incorrect result." *Nebel v. Mauk*, 253 A.2d 249, 251 (Pa. 1969). Because the jury found Fairmount negligent in the care and treatment rendered to Decedent, Plaintiff has failed to demonstrate in what way the trial court's response to the jury's question caused an incorrect result. Moreover, Plaintiff has failed to show how the trial court's response affected the jury's determination that Fairmount's negligence was not a factual cause in bringing about Decedent's harm.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Jackson, Administrator of      :
the Estate of Florence Jackson,      : No. 2065 C.D. 2015
Deceased,      :
     :
     :
           Appellant      :
     :
         v.      :
     :
City of Philadelphia and      :
Fairmount Long Term Care      :

O R D E R

AND NOW, this 13<u>th</u> day of <u>July</u>, 2016, the order of the Philadelphia County Court of Common Pleas dated July 16, 2015, at No. 03871 December Term, 2012, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge