611 A.2d 181

**William L. BOWER, Appellant,**

v.

**Susan J. BOWER, Appellee.**

Supreme Court of Pennsylvania.

Submitted April 6, 1992.

Decided June 17, 1992.

William F. Ochs, Jr., Reading, for appellant.

Susan J. Bower, pro se.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

Appellant William L. Bower commenced this action in equity against appellee Susan J. Bower, his former wife, seeking, *inter alia,* a partition of certain property held in appellee's name and a declaration that appellee holds the property as trustee for appellant. This is an appeal from the order of the Superior Court, 370 Pa.Super. 642, 533 A.2d 1071, affirming the order of the Court of Common Pleas of Berks County, which sustained appellee's preliminary objections and dismissed appellant's complaint.

Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. *Baker v. Brennan,* 419 Pa. 222, 225, 213 A.2d 362, 364 (1965). The test on preliminary objections is whether it is clear and free from doubt from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief. *Firing v. Kephart,* 466 Pa. 560, 563, 353 A.2d 833, 835 (1976). To determine whether preliminary objections have been properly sustained, this Court must consider as true all of the well-pleaded material facts set forth in appellant's complaint and all reasonable inferences that may be drawn from those facts. *Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 4, 383 A.2d 791, 792 (1977); *Pennsylvania Liquor Control Board v. Rapistan, Inc.,* 472 Pa. 36, 42, 371 A.2d 178, 181 (1976).

The relevant facts, as set forth in appellant's complaint, are as follows. On or about April 3, 1973, the parties purchased the property at 501 South Center Road in Exeter Township. Title to the property was taken in the name of Susan I. Meas (later Susan I. Bower) alone because appellant was still married to a third party, and both appellant and appellee wished to avoid any possible claim on the property by appellant's then

wife. Appellant and his first wife divorced on April 10, 1973. Four days later, appellant married appellee and established the Exeter Township property as their marital residence.

The purchase price of the Exeter Township property was $34,000. At the time of purchase, the parties mortgaged $27,200 and paid $6,800 in cash. The mortgage was applied for and issued in appellee's name but was co-signed and guaranteed by a collateral bond and warrant signed and delivered by appellant. The $6,800 cash payment derived from a previous sale of property deeded in appellee's name, which property had increased in value due to renovations and repairs made by both parties. The parties agreed before buying the Exeter Township property that they would make repairs and renovations to said property and that the proceeds of the sale of that property would be used to purchase the Exeter Township property.

Appellant and appellee were divorced on May 8, 1985, by decree of the Court of Common Pleas of Berks County, pursuant to Section 201(d) of the Divorce Code.[1] Appellant initiated the divorce and, as part of the divorce action, signed a standard Pa.R.C.P. 1920.72 affidavit, which stated in part that: "I understand that I may lose rights concerning alimony, division of property, lawyer's fees or expenses if I do not claim them before a divorce is granted." Appellant did not seek equitable distribution at any time prior to the divorce.

After the divorce, appellant instituted this action in equity on March 7, 1986. Appellee responded by filing preliminary objections to the complaint claiming that appellant failed to state a cause of action. The trial court sustained appellee's preliminary objections and dismissed the complaint stating that:

> [Appellant] did not assert a claim for equitable distribution prior to the entry of the divorce decree, and in fact signed an affidavit stating he understood he could lose such rights if he did not claim them prior to the entry of a divorce decree. [Appellant's] property rights were there-

1. 23 P.S. § 101 *et seq.* (repealed 1990).

fore terminated upon the entry of the divorce decree, pursuant to 23 Pa.C.S.A. Section 401(j) [2], and appellant effectively waived his remedy at law with respect to any property rights he may have had arising out of the marriage.

Trial Court Opinion at p. 3. On appeal, the Superior Court affirmed based on the trial court opinion.

Appellant claims that his rights to the property in question did not arise out of the marriage or depend upon the marital relation, and therefore, did not terminate pursuant to § 401(j) of the Divorce Code. Thus he argues that he did not waive his rights to the property by failing to seek equitable distribution prior to the final divorce decree. We agree.

Upon request in a divorce action, the court shall equitably distribute the marital property. 23 P.S. § 401(d) (repealed 1990). Section 401(e) of the Divorce Code defines marital property as:

. . . all property acquired by either party during the marriage except:

(1) Property acquired in exchange for property acquired prior to the marriage except for the increase in value during the marriage.

(2) Property excluded by valid agreement of the parties entered into before, during or after the marriage.

(3) Property acquired by gift, bequest, devise or descent except for the increase in value during the marriage.

(4) Property acquired after separation until the date of divorce, provided however, if the parties separate and reconcile, all property acquired subsequent to the final separation until their divorce.

(5) Property which a party has sold, granted, conveyed or otherwise disposed of in good faith and for value prior to the time proceedings for the divorce are commenced.

**2.** Section 401(j) of the Divorce Code states that:

Whenever a decree or judgment is granted which nullifies or absolutely terminates the bonds of matrimony, any and all property rights which are dependent upon such marital relation, save those which are vested rights, are terminated unless the court otherwise expressly provides in its decree in accordance with subsection (b). 23 P.S. § 401(j) (repealed 1990).

(6) Veteran's benefits exempt from attachment, levy or seizure pursuant to the act of September 2, 1958, Public Law 85–857, 72 Statute 1229, as amended, except for those benefits received by a veteran where such veteran has waived a portion of his military retirement pay in order to receive Veteran's Compensation.

(7) Property to the extent to which such property has been mortgaged or otherwise encumbered in good faith for value, prior to the time proceedings for the divorce are commenced.

23 P.S. § 401(e) (repealed 1990). All property acquired by either party during the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership. 23 P.S. § 401(f) (repealed 1990).

■ The facts show that the parties acquired the Exeter Township property on April 3, 1973—eleven days *prior* to their marriage. Additionally, the cash funds for buying that property derived from joint renovations and repairs made by the parties on the prior-owned property deeded in appellee's name and sold before April 3, 1973, which renovations and repairs increased the value of that property resulting in a higher selling price and more proceeds with which to buy the Exeter Township property. The facts also show that, prior to the parties' marriage, appellant signed the mortgage and collateral bond guaranteeing the mortgage on the Exeter Township property.

These facts, which we must consider as true, reveal that the Exeter Township property was not "acquired by either party during the marriage" and, as such, was not marital property subject to equitable distribution. *See* 23 P.S. §§ 401(e)–(f). Thus any waiver by appellant of his right to equitable distribution of marital property does not affect whatever rights he may have to the Exeter Township property. Further, the facts show that appellant's right to the property is not "dependent upon such marital relation" since the property was acquired prior to the marriage. Therefore, the divorce decree did not result in a termination of appellant's rights to the

property, pursuant to § 401(j) of the Divorce Code, as the trial court incorrectly concluded.

Additionally, appellant may be entitled to imposition of a resulting trust on the Exeter Township property by virtue of the fact that he provided a portion of the down payment, co-signed the mortgage and guaranteed the mortgage. This Court has held that "[w]here a transfer of property is made to one person and the purchase price is paid by another a resulting trust arises in favor of the person by whom the purchase price is paid." *Masgai v. Masgai*, 460 Pa. 453, 458, 333 A.2d 861, 864 (1975), *quoting* Restatement (Second) of Trusts § 440 (1959). However, a resulting trust must be intended by the person paying the purchase price. *Id.* Appellant's complaint does not address either party's intent regarding a resulting trust, and the trial court improperly failed to take such evidence before ruling on the preliminary objections. *See* Pa.R.C.P. 1028(c) (in determining preliminary objections, the court shall take evidence by depositions or otherwise if an issue of fact arises). Thus, the preliminary objections should not have been sustained, and appellant has the right to seek court determination of what interest, if any, he has in the Exeter Township property.

Accordingly, we reverse the order of the Superior Court and remand to the Court of Common Pleas for further proceedings consistent with this opinion.

McDERMOTT and ZAPPALA, JJ., join this opinion and file concurring opinions.

NIX, C.J., files a concurring opinion.

CAPPY, J., files a dissenting opinion.

McDERMOTT, Justice, concurring.

I agree with the majority to the limited extent that the property acquired prior to the marriage was subject to partition. However, I believe the majority creates the erroneous impression that on remand the entire value of the property will be subject to partition. As I read the applicable section of

the Divorce Code, while property jointly acquired prior to the marriage may not be marital property, any "increase in the value during the marriage"[1] is considered as part of marital property subject to the Court's power to equitably divide. Therefore on remand the only property at issue in this case should be the equity which existed at the time the marriage commenced.

ZAPPALA, Justice, concurring.

I join the majority opinion but write separately to clarify my position regarding a statement made in the opinion. On page 6 of the majority opinion, this Court states: "Thus any waiver by appellant of his right to equitable distribution of marital property *does* not affect whatever rights he may have to the Exeter Township property." (emphasis added) Because the increased value in the Exeter Township property may be marital property under the Divorce Code, it is possible that the appellant has waived his interest in that property to the extent of the increased value of the property by his failure to pursue that interest in the divorce action. Therefore, any waiver by appellant of his rights under equitable distribution under the Divorce Code *may* or *may not* affect his right to the Exeter Township property in his partition action.[1] On remand, the trial court will have to determine the value of the property prior to marriage and the increased value of the property attributable to the marital relationship. At that point, the trial court will then be capable of adjudicating the parties' rights in the Exeter Township property.

NIX, Chief Justice, concurring.

The crux of this matter is that William Bower's rights to the property in question did not flow from the marriage or depend upon that relationship, and therefore, did not terminate pursuant to section 401(j) of the Divorce Code. Thus, I agree that

1. 23 Pa.C.S. § 401(e)(1).

1. This issue would not have existed if Appellant only pursued this matter in the context of a request for imposition of a constructive trust. Under a constructive trust theory, the property would be excluded as non-marital property.

appellant did not waive his rights in the property by failing to seek equitable distribution prior to the final divorce decree.[1]

I, therefore, concur in the reversal of the order of the Superior Court and remand to the Court of Common Pleas for further proceedings.

CAPPY, Justice, dissenting.

I strongly disagree with the majority's conclusion that the trial court in divorce had no authority pursuant to the Divorce Code[1] to equitably divide any portion of the value of the Exeter Township residence or to partition the residence based upon a resulting trust.

The residence was purchased solely by appellee Susan in 1973 for $34,000. She paid $6,800 cash and mortgaged $27,200. At that time Susan's equity in the residence would have been $6,800. William claims a resulting trust as to the $6,800 because such funds were allegedly generated by the combined efforts of both parties in renovating and selling a separate property titled solely in Susan's name. William claims a resulting trust as to the remaining portion of the value of the residence because he allegedly co-signed, guaranteed and paid the mortgage on the Exeter Township residence, which was issued in Susan's name alone.

The majority holds that William had no right to seek equitable distribution of the residence since it was acquired prior to the marriage and comprised non-marital property not subject to the rules of equitable distribution. Sadly, the majority ignores the power of the trial court in divorce to equitably divide any increase in the value of the residence during the marriage.

Pursuant to 23 P.S. § 401(e)(1),[2] any increase in the value of non-marital property during the course of the marriage quali-

1. The issue as to whether the increased value in the property in question which may have occurred during the marriage is marital property, should be addressed at a later time.

1. 23 P.S. § 101 et seq. (repealed 1990). The Divorce Code is now officially codified at 23 Pa.C.S. § 3101 et seq.

2. At the time of the proceedings herein, 23 P.S. § 401(e) provided:

fies as *marital property*. Thus, to the extent that Susan's equity in the residence increased during the marriage, whether due to inflationary appreciation, reduction of the mortgage obligation, improvements to the residence, or any other factor, such increase in equity would qualify as marital property. This marital property would be subject to equitable distribution pursuant to Section 401(e)(1) *regardless* of whether the residence was singularly owned by Susan or jointly owned by both as a result of the equitable doctrine of resulting trust.

Here the residence was titled in Susan's name alone. Presumptively, she was its legal owner. When William waived his right to equitable distribution prior to the final divorce decree, pursuant to 23 P.S. 401(j),[3] he waived any right he may have had to the marital property; to wit, at minimum, the increase in value of the residence during the course of the marriage. He waived this interest regardless of whether Susan was the

(e) For purposes of this chapter only, "marital property" means all property acquired by either party during the marriage except:

(1) Property acquired in exchange for property acquired prior to the marriage except for the increase in value during the marriage....

Section 401(e) was subsequently amended in 1988 to expressly provide that which was implied in former Section 401(e) as follows:

For purposes of this chapter only, "marital property" means all property acquired by either party during the marriage, *including the increase in value prior to the date of final separation of any nonmarital property* acquired pursuant to paragraphs (1) and (3), except:

(1) *Property acquired prior to marriage* or property acquired in exchange for property acquired prior to the marriage.... (Emphasis added).

Section 401(e) was subsequently repealed in 1990, and the definition of marital property is now provided in a similar provision of the Divorce Code, 23 Pa.C.S. § 3501(a).

3. At the time of the proceedings herein, 23 P.S. 401(j) (repealed 1990) provided:

Whenever a decree or judgment is granted which nullifies or absolutely terminates the bonds of matrimony, any and all property rights which are dependent upon such marital relation, save those which are vested rights, are terminated unless the court otherwise expressly provides in its decree in accordance with subsection (b). All duties, rights, and claims accruing to either of said parties at any time heretofore in pursuance of the said marriage, shall cease and the parties shall, severally, be at liberty to marry again in like manner as if they had never been married, except where otherwise provided by law.

The substance of former Section 401(j) is now found in a similar provision of the Divorce Code, 23 Pa.C.S. § 3503.

sole owner of the residence or whether they both owned the residence pursuant to a resulting trust.

Thus, even if the majority is correct in concluding that William has a right to partition, it grievously errs by failing to address Section 401(e)(1) and properly limit the portion of value of the residence that is subject to the partition action. Under any scenario, only the value of the residence *prior* to the marriage can be subject to partition. On these facts, that portion totals $6,800.

However, it is my view that the majority compounds its error by concluding that William has a right to the present action in partition. Pursuant to 23 P.S. 401(c) [4] the trial court in divorce possesses full equity power. I find it inappropriate and absurd that under the majority view William has been authorized to use equity to defeat equity. Rather than risk a final determination of the ownership issue by the trial judge in divorce and thus potentially subject himself to equitable distribution of his interest, here William attempts to defeat the concept of equitable distribution by pleading the equitable doctrine of resulting trust under the guise of a civil action in partition.

Unquestionably, the trial court in divorce had full authority to finally adjudicate the resulting trust issue. Had William been successful in divorce court, the *entire* value of the residence would have been subject to equitable distribution pursuant to 23 P.S. 401(d) [5] because he would have proven that

4. At the time of the proceedings herein, 23 P.S. 401(c) (repealed 1990) provided:

In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.

The substance of former Section 401(c) is now provided in a similar provision of the Divorce Code, 23 Pa.C.S. § 3323(f).

5. At the time of the proceedings herein, 23 P.S. 401(d) (repealed 1990) provided:

he was a joint owner of the entire residence as of the date of purchase. However, pursuant to equitable distribution and those factors to be considered under Section 401(d), it is possible that William's final share of the *entire* residence could have been less than 50 percent, the portion which he would expect to recover at a civil action of partition. Hence the transparent waiver of his rights under equitable distribution and the institution of the civil action of partition.

Since equitable distribution would have afforded William an adequate remedy at law as to his right to legal ownership of the *entire* property by means of the equitable doctrine of resulting trust, he should be estopped from avoiding the Divorce Code and its provisions for equitable distribution, when he attempts to utilize an equitable doctrine of resulting trust under the guise of a civil action for partition. He had his opportunity to plead a resulting trust in the divorce court. The trial court in divorce had full authority to finally adjudicate that issue and thus finally determine legal ownership. If William had been successful, the entire value of the residence

In a proceeding for divorce or annulment, the court shall, upon request of either party, equitably divide, distribute or assign the marital property between the parties without regard to marital misconduct in such proportions as the court deems just after considering all relevant factors including:

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training, or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including but not limited to medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

The substance of former Section 401(d) is now provided in a similar provision of the Divorce Code, 23 Pa.C.S. § 3502(a).

would have been deemed to be marital property subject to equitable distribution. On the other hand, if his theory of resulting trust proved to be meritless, only the increase in value of the residence during the course of the marriage would have been deemed to be marital property and subject to equitable distribution. In the latter case, the $6,800 downpayment would have remained with Susan as non-marital property acquired prior to the marriage.

On the facts of this case, I conclude that in his effort to avoid the laws of equitable distribution and gain a more favorable result by means of a 50–50 split through partition, William outsmarted himself. Unquestionably, by waiving equitable distribution he virtually assured himself that Susan would also waive, since it was she who was the sole owner of the residence by deed. It would be ludicrous to expect that she would demand equitable distribution of real estate over which she had presumptive and legal title where her husband waived any right to an equitable interest therein. The games must cease! Equitable distribution is the law of Pennsylvania governing distribution of property necessitated by divorce. I would conclude that any claims by the parties based upon the equitable doctrine of resulting trust for property acquired prior to separation (including property acquired prior to the marriage) must be raised in the divorce proceeding or forever waived. Otherwise, the distribution of property under the Divorce Code by court decree, the parties' agreement or the parties' inaction would be subject to subsequent collateral attack, thereby defeating equitable distribution which would have taken into account the ownership scheme of *all* property owned by the parties.

Therefore, I would hold that William not only waived his right to Section 401(d) equitable distribution of any increase in value of the subject residence owned during the course of the marriage (Section 401(e)(1)), but also waived his right pursuant to Section 401(c) to have the issue of the resulting trust adjudicated in a civil action for partition. For the reasons stated, I would affirm the judgment of the lower court. Therefore, I respectfully dissent.