**Keller v. Consolidated Rail Corp.**

C.P. of Dauphin County, no. 4464 S 1995.

*John O'Boyle* and *James J. Riley*, for plaintiffs.
*David C. Eaton*, for defendant Conrail.
*Jeffrey B. Rettig*, for defendants Annamar, Blooming Glen and Haines & Kibblehouse.

*EN BANC,* TURGEON, HOOVER AND CLARK, *JJ.*

CLARK, *J.*, July 11, 1996—Defendants Consolidated Rail Corporation, Blooming Glen Contractors and Haines and Kibblehouse have filed preliminary objections to plaintiff's complaint. After oral argument on the matters presented, the preliminary objections are granted in part and denied in part in accordance with the following.

In 1971, a private farm crossing was constructed pursuant to an agreement between The Reading Company, predecessor to defendant Conrail, and Handwerk Inc., predecessor to defendants Annamar Associates Inc., Blooming Glen Contractors Inc., and Haines and Kibblehouse Inc. The crossing was located near Old Farm Road in Hummelstown, Pennsylvania. In exchange for the use of the crossing, Handwerk agreed to erect a barricade, signs and assume responsibility for safety at the site. The maintenance and repairs of the crossing were to be completed by Handwerk in a manner approved by Reading. Furthermore, Handwerk agreed to carry liability insurance to guarantee its obligation to indemnify Reading.

On or about October 5, 1993, plaintiff's decedent, David R. Keller, was driving a dump truck near the crossing, which was operated by defendant Conrail. As Mr. Keller attempted to cross the rail line, a Conrail train struck his vehicle. As a result of the collision, Mr. Keller suffered severe injuries which ultimately turned fatal. This action was subsequently initiated.

Defendant Conrail has filed preliminary objections in the nature of a motion to strike plaintiff's complaint. Defendant has requested that the court strike Counts I and II of the complaint and direct plaintiff to plead his cause of action for wanton and reckless conduct

separate from his claim for negligence. After careful consideration, defendant's request is granted. Pursuant to the Pennsylvania Rules of Civil Procedure, 42 Pa.C.S. Rule 1020(a), each cause of action and any special damages related thereto shall be stated in a separate count containing a demand for relief. In accordance therewith, plaintiff must remove his claims for wanton and reckless misconduct from Counts I and II and include them in separate and distinct counts. Plaintiff is given 20 days from the date of the attached order to amend his complaint in conformance with the rule.

Defendant Conrail has also filed a preliminary objection in the nature of demurrer to Count I of the complaint alleging that it did not owe a duty to plaintiff to provide adequate warning protection, traffic control devices and visibility at the crossing. Conrail is attempting to relieve itself of such a duty by relying on the agreement between Handwerk and Reading, Conrail's predecessor.

Preliminary objections shall be sustained only in cases that are free and clear from doubt. *Bower v. Bower,* 531 Pa. 54, 57, 611 A.2d 181, 182 (1992). A court must overrule objections in the nature of a demurrer "if the complaint pleads sufficient facts which, if believed, would entitle the petitioner to relief under any theory of law." *Wilkinsburg Police Officers Association By and Through Harder v. Commonwealth,* 535 Pa. 425, 431, 636 A.2d 134, 137 (1993).

Despite defendant's contentions, the preliminary objection is denied. Although Handwerk agreed to assume the responsibility of ensuring the safety of the crossing, Conrail remained under a duty to ensure that Handwerk complied with the agreement. The very nature of the extreme danger surrounding railroad crossings imposes a duty upon Conrail which is greater than that ordinarily

imposed. As a defense to this action, Conrail may assert a claim against Handwerk's successors for contribution or indemnification. However, it will not be relieved of its duty to maintain the ultimate safety at its crossings by asserting that it shifted the burden through an agreement.

Defendants Blooming Glen Contractors and Haines and Kibblehouse have collectively filed preliminary objections in the nature of a motion to strike paragraph 10 of the complaint and the complaint in its entirety.

Paragraph 10 of the complaint sets forth the limits of liability insurance required to be carried by Handwerk under its agreement with Reading. Since information relating to insurance coverage is inadmissible and irrelevant for trial purposes, it shall be stricken from the complaint. The objection to paragraph 10 is granted.

Defendants have requested that the court strike plaintiff's complaint in its entirety for failure to attach a verification in accordance with Pa.R.C.P. 1024(c). The court finds this infraction minimal in nature and therefore, views dismissal as a harsh directive. Plaintiff shall be required to file an amended verification signed by Lloyd H. Keller Jr., administrator of the estate of David R. Keller. Thus, the preliminary objection is denied.

Finally, defendant Conrail has filed preliminary objections to paragraphs 27(a) and 29(a) of Counts I and II of the complaint, respectively, on the basis that plaintiff failed to plead Conrail acted in a manner justifying an award of punitive damages. Defendants Blooming Glen Contractors and Haines and Kibblehouse have filed similar objections to Count I. After careful consideration, these objections are denied.

"A court may award punitive damages only if the conduct was malicious, wanton, reckless, willful, *or* oppressive." *Rizzo v. Haines,* 520 Pa. 484, 507, 555 A.2d 58, 69 (1989). (emphasis added) Pursuant to the Restatement (Second) of Torts, §908(2), punitive dam-

ages may be awarded for conduct that is outrageous because of defendant's evil motive *or* his reckless indifference to the rights of others. Comment b of section 908(2) further clarifies the type of conduct by explaining that "[t]he conduct must be outrageous, either because the defendant's acts are done with an evil motive or because they are done with reckless indifference to the rights of others and conscious action in deliberate disregard of them (see section 500) may provide the necessary state of mind to justify punitive damages."

As referenced above, section 500 provides that an actor's conduct is in reckless disregard of the safety of another if "[the actor] does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." See also, *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984).

The allegations contained in paragraphs 27(a), (b) and (c) of Count I and paragraphs 29(a), (b) and (c) of Count II are sufficient to establish claims for wanton and reckless conduct. In Count I, plaintiff provided specific facts from which it could be concluded that all of the defendants acted with reckless indifference to the rights of others by failing to design and maintain the railroad crossing in a safe condition. Furthermore, Count II contains facts from which it could be concluded that Conrail acted wantonly and recklessly while operating its train in the manner described therein. Thus, defendants' preliminary objections to plaintiff's claims for punitive damages are denied.

Accordingly, the following is entered:

ORDER

And now, July 11, 1996, in connection with the attached opinion, the preliminary objections of defendant Consolidated Rail in the nature of a motion to strike Counts I and II of the complaint are hereby granted. Plaintiff is granted 20 days from the date of this order to amend his complaint in accordance with the manner so described herein.

The preliminary objection of Consolidated Rail in the nature of a demurrer to Count I of the complaint is hereby denied.

Defendants' Blooming Glen Contractors and Haines and Kibblehouse preliminary objection in the nature of a motion to strike the complaint for lack of a proper verification is denied. However, plaintiff is directed to amend his complaint within 20 days from the date of this order to include a verification signed by Lloyd H. Keller, administrator of the estate of David R. Keller.

The preliminary objection in the nature of a motion to strike paragraph 10 is granted.