# Bacstrom v. State Farm Insurance Cos.

C.P. of Franklin County, no. A.D. 1997-219.

*W. Scott Henning,* for plaintiffs.
*Rolf E. Kroll* and *Michele J. Thorp,* for defendants.

HERMAN, *J.,* January 26, 1998—This case is before the court on preliminary objections of defendants State Farm Insurance Companies and State Farm Mutual Automobile Insurance Company to the complaint of plaintiffs Shirley M. Bacstrom and Douglas J. Bacstrom.

## A. FACTUAL BACKGROUND

On May 18, 1993, plaintiff Shirley Bacstrom was injured when an automobile driven by Kathleen Hamman struck Mrs. Bacstrom's vehicle from behind. At the time of the accident, Mrs. Bacstrom was covered by an automobile insurance policy issued by State Farm which provided for $10,000 in first-party medical benefits. As a result of her injuries, Mrs. Bacstrom sought treatment from several physicians, and the bills for the services rendered by these providers were submitted to State Farm for payment. Sometime in early 1995, State Farm contracted with Laurel Rehabilitation Services, a peer review organization located in Blackwood, NJ, to review Mrs. Bacstrom's medical records and to offer an opinion as to whether the treatments received by Mrs. Bacstrom were medically reasonable and necessary. Four doctors associated with Laurel submitted reports stating that at least some of the treatments received by Mrs. Bacstrom were not medically reasonable and necessary. Based on these reports, State Farm decided to discontinue payments for medical treatment to Mrs. Bacstrom.

Following State Farm's decision to deny coverage, the plaintiffs sued to compel State Farm to continue to pay for Mrs. Bacstrom's ongoing medical care. In their two-count complaint, the Bacstroms set forth a claim for breach of contract and a second claim for bad faith under 42 Pa.C.S. §8371. They claim State Farm reneged on its contractual obligation, under the policy of automobile insurance issued by the company, to pay for medical treatment in connection with the May 1993 car accident. Additionally, they assert that State Farm acted in bad faith when it submitted Mrs. Bacstrom's medical records to Laurel for a reassessment of the medical necessity of the treatments being rendered to Mrs. Bacstrom. The complaint alleges that Laurel is a "sham" PRO and a "captive reviewer" providing findings favorable to State Farm in order to secure a steady stream of business. (Complaint, ¶¶34 and 36.) The Bacstroms seek to recover the amount of the medical benefits they have not received from State Farm and additional awards of interest, court costs, attorney fees, treble damages pursuant to 75 Pa.C.S. §1797(b)(4) and punitive damages under 42 Pa.C.S. §8371.

State Farm filed preliminary objections in the nature of a demurrer to the bad faith claim under section 8371. The insurer claims that under the circumstances of this case, the Bacstroms have failed to state a claim upon which relief can be granted. In the alternative, State Farm asks this court to strike Count II, the bad faith count, from the complaint for failure to conform to law. Briefs were submitted by both sides, oral argument was held on January 8, 1998, and the matter is now ripe for disposition.

## B. DISCUSSION

The issue to be decided by this court has produced a deep division among courts throughout this Com-

monwealth. We are asked to determine whether an insured who has been denied first-party medical benefits under an automobile insurance policy following peer review can seek punitive damages against her insurer under both the Motor Vehicle Financial Responsibility Law and the bad faith provisions of the Judicial Code. State Farm, in its brief, presents the question thus: "Do the specific procedures and remedies set forth in the Pennsylvania Motor Vehicle Financial Responsibility Law preclude a claim for damages under 42 Pa.C.S. §8371 in the context of an action for first-party medical benefits?" For the reasons set forth below, we answer State Farm's query in the negative and overrule its preliminary objections.

Initially, we note that the test for preliminary objections which would result in the dismissal of a claim is whether it is clear and free from doubt from all the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief. *Bower v. Bower,* 531 Pa. 54, 611 A.2d 181 (1992). In the review of preliminary objections, facts that are well pleaded, material and relevant will be considered as true, together with such reasonable inferences as may be drawn from such facts. *Mellon Bank N.A. v. Fabinyi,* 437 Pa. Super. 559, 650 A.2d 895 (1994). Any doubt as to the sufficiency of the pleading must be resolved in the plaintiff's favor. *MacGregor v. Mediq Inc.,* 395 Pa. Super. 221, 576 A.2d 1123 (1990).

State Farm argues that the bad faith claim in the Bacstroms' complaint should be dismissed or stricken because section 1797 of the MVFRL provides an exclusive remedy to insureds aggrieved by an insurer's denial of payments after a PRO has determined that the treatment received by the insured is not medically reasonable or necessary. The relevant provisions of section 1797 of the MVFRL provide as follows:

"(b) Peer review plan for challenges to reasonableness and necessity of treatment.

"(1) Peer review plan. Insurers shall contract jointly or separately with any peer review organization established for the purpose of evaluating treatment, health care services, products or accommodations provided to any injured person. Such evaluation shall be for the purpose of confirming that such treatment, products, services or accommodations conform to the professional standards of performance and are medically necessary. An insurer's challenge must be made to a PRO within 90 days of the insurer's receipt of the provider's bill for treatment or services or may be made at any time for continuing treatment or services. . . .

"(4) Appeal to court. A provider of medical treatment or rehabilitative services or merchandise or an insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a PRO. Conduct considered to be wanton shall be subject to a payment of treble damages to the injured party." 75 Pa.C.S. §1797(b).

State Farm contends that the procedures for challenging the propriety of medical bills under the above-quoted section constitute an exclusive remedy, and once the insurer has availed itself of the peer review process, the insured has no grounds on which to claim that the insurance company acted in bad faith. According to State Farm, the Bacstroms cannot assert a bad faith claim under section 8371 of the Judicial Code because the remedies provided by section 1797 of the MVFRL are the only avenue of vindication for State Farm's failure to pay the Bacstroms' medical bills. Section 8371 reads as follows:

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(2) Award punitive damages against the insurer.

"(3) Assess court costs and attorney fees against the insurer." 42 Pa.C.S. §8371.

In determining the merits of State Farm's arguments, we must engage in an exercise of statutory interpretation and construction. State Farm appears to premise its argument on the assumption that there is a conflict between sections 1797 and 8371, and that this conflict precludes the Bacstroms' bad faith claim as stated in the complaint. Because of the perceived conflict between two separate statutory provisions, we must rely on the rules of statutory construction found at 1 Pa.C.S. §1933 to resolve the issue. The provisions of this section of the Statutory Construction Act are as follows:

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail." 1 Pa.C.S. §1933.

It is clear from a reading of both statutory provisions at issue in this case that section 8371 is a more general provision and, as such, it should be subservient to the

more specific provisions of section 1797 of the MVFRL. Section 8371 deals with all actions under insurance policies, while section 1797 deals with the more specific area of first-party insurance benefit claims under the MVFRL. However, the specific prevails over the general only if the court finds that effect cannot be given to both provisions because the two are irreconcilable. We find that it is possible to give effect to both statutory provisions and that they are, therefore, reconcilable. Consequently, we do not reach the determination that the more specific statutory provision should prevail over the more general one.

The two statutory provisions at issue are reconcilable because they address different types of grievances by an insured. Section 1797(b)(4) sets forth a procedure by which an insured can appeal the insurer's denial of first-party benefits to a court where the insurer has not challenged the reasonableness or necessity of medical treatment before a PRO. Where the conduct by the insurer is found to be "wanton," the insured may recover treble damages. In our view, this section of the MVFRL does not address the situation found in the instant case, namely, the instance where the insurer has allegedly submitted the insured's claims to a PRO of its choice for review and has acted in bad faith in the process. This is where the provisions of section 8371 come into play to protect persons such as the Bacstroms from bad faith conduct on the part of an insurance company. Section 8371 acts as a complementary or supplementary remedy for an insured aggrieved by the behavior of an insensitive insurer. Eliminating the Bacstroms' claim for bad faith under section 8371 would serve to insulate State Farm from sanctions for bad faith conduct simply because they submitted the Bacstroms' case to a PRO for review. This would be an abrogation of the court's responsibility to provide

a forum for bad faith claims where the PRO system is invoked. See *Pierce v. State Farm Insurance Co.,* 27 D.&C.4th 464 (C.P. Lackawanna Cty., October 20, 1994).

State Farm relies on the case of *Barnum v. State Farm Mutual Automobile Insurance Co.,* 430 Pa. Super. 488, 635 A.2d 155 (1993), *granted, reversed and remanded,* 539 Pa. 673, 652 A.2d 1319 (1994) and other common pleas court decisions in sister counties for the proposition that the remedies provided by the MVFRL are exclusive and preclude a bad faith claim under section 8371 of the Judicial Code. We find the authorities relied on by counsel for State Farm unpersuasive. First, *Barnum* was reversed by the Supreme Court without comment on the Superior Court's holding concerning the exclusivity of remedies in this kind of case. Second, the trial court decisions cited by State Farm are merely examples of the split in authority that now exists with regard to the issue we are seeking to resolve. See *e.g., Conway-West v. State Farm Insurance Co.,* 19 D.&C.4th 84 (C.P. Monroe Cty., July 2, 1993) (section 1797 is the exclusive remedy for insurer's denial of first-party medical benefits); *Mitrick v. State Farm Mutual Automobile Insurance Co.,* 13 D.&C.4th 540 (C.P. York Cty., December 24, 1991) (availment by insurer of PRO procedure under section 1797 does not bar claim under section 8371). Third, this court has spoken on this issue and decided that "the mere act of submitting the claims to a PRO does not negate the possibility of bad faith on the part of the insurer." *M.S. Hershey Medical Center v. State Farm Insurance Co.,* 21 D.&C.4th 62, 71 (C.P. Franklin Cty., December 8, 1992) (Walker, P.J.).

In *Hershey*, an accident victim and providers of medical services sued State Farm to recover amounts payable under an automobile insurance policy for treatment rendered to the insured. The Honorable John R. Walker

decided to overrule State Farm's preliminary objections in the nature of a demurrer and opined that the plaintiffs should be allowed to proceed with their section 8371 claim and their cause of action under section 1797 of the MVFRL. Because we are persuaded by Judge Walker's reasoning in the *Hershey case, we will overrule State Farm's preliminary objections in accordance with that holding.*

It is important to note that our decision does not mean that plaintiffs can always proceed with their claims under both statutory provisions in all circumstances. We decline to follow the suggestion by plaintiffs' counsel at oral argument that the mere submission of a claim to a PRO constitutes bad faith. However, we are convinced that the complaint, as drafted, has alleged sufficient facts to overcome the defendants' demurrer. For purposes of deciding these preliminary objections, we assume the veracity of the allegations that Laurel is a sham PRO and State Farm used them because they are a captive reviewer with a financial interest in providing State Farm with biased reviews. If proven at trial, these averments would expose State Farm to liability for bad faith conduct under section 8371. We may need to revisit this issue at a later stage of the proceeding in order to determine whether there is enough evidence to submit the bad faith claim to the jury. For now, the Bacstroms may proceed with both their claims.

Based on the foregoing, the preliminary objections of defendants State Farm Insurance Companies and State Farm Mutual Automobile Insurance Company are overruled. An appropriate order follows.

## ORDER

Now January 26, 1998, upon consideration of the preliminary objections of defendants State Farm In-

surance Companies and State Farm Mutual Automobile Insurance Company, of the briefs submitted by the parties, and oral argument presented before the court, it is hereby ordered and decreed that the preliminary objections of defendants are overruled.