1999 PA Super 16

Rita MARTINEZ, Appellant,

v.

Barbara S. BAXTER, Guardian Ad Litem for Tyler Martinez, Huntingdon County Children's Services, Mary Ellen "Evelyn" Martinez, Mother, Norman Michael "Mike" Martinez, Father, John and Jane Doe, Foster Parents, Appellees.

Superior Court of Pennsylvania.

Argued Sept. 2, 1998.
Filed Jan. 22, 1999.
Reargument Denied March 30, 1999.

Elaine J. Novacco, Warriors Mark, for appellant.

Peter McManamon, Huntingdon, for Huntingdon County Children's Services, Appellee.

Before JOYCE and HESTER, JJ. and CIRILLO, President Judge Emeritus.

HESTER, J.:

¶ 1 Appellant, Rita Martinez ("Grandmother"), appeals from an order of the Huntingdon County Court of Common Pleas in which the trial court sustained the preliminary objections of the guardian ad litem of her grandson, Tyler Martinez, and dismissed Appellant's complaint for custody of Tyler. Upon review, we reverse and remand for further proceedings.

¶ 2 Appellant is the paternal grandmother of Tyler Martinez, who was born March 9, 1996. Tyler resided with his parents from his birth until June 19, 1996, when he was rushed to a Huntingdon hospital. He later was transferred by helicopter to Hershey Medical Center. Huntingdon County Children and Youth Services ("CYS") obtained an emergency protective order so that Tyler would not be returned to his parents' home. Apparently, Tyler suffered grievous injuries while in his parents' care as a result of Shaken Baby Syndrome. Tyler's mother pled guilty to endangering the welfare of a child. With his parents' consent, Tyler was declared a dependent child on July 16, 1996, and legal custody was awarded to CYS. Tyler was placed in a foster home where he remains today. Grandmother has been afforded visitation with Tyler. The present goal in the dependency action is adoption.

¶ 3 On September 2, 1997, Grandmother filed a complaint for custody, and both Tyler's guardian ad litem, Barbara S. Baxter ("Guardian"), and CYS filed preliminary objections to the complaint. They challenged Grandmother's standing to seek custody. Following argument on October 30, 1997, the common pleas court sustained the preliminary objections and dismissed Grandmother's complaint for custody on November 13, 1997; this appeal followed.

¶ 4 We set forth our scope of review:

Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. *Baker v. Brennan*, 419 Pa. 222, 225, 213 A.2d 362, 364 (1965). The test on preliminary objections is whether it is clear and free from doubt from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief. *Firing v. Kephart*, 466 Pa. 560, 563, 353 A.2d 833, 835 (1976). To determine whether preliminary objections have been properly sustained, this Court must consider as true all of the well-pleaded material facts set forth in appellant's complaint and all reasonable inferences that may be drawn from those facts. *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 4, 383 A.2d 791, 792 (1977); *Pennsylvania Liquor Control*

*Board v. Rapistan, Inc.*, 472 Pa. 36, 371 A.2d 178, 181 (1976).

*Bower v. Bower*, 531 Pa. 54, 56–57, 611 A.2d 181, 182 (1992).

¶ 5 This case concerns the interpretation of 23 Pa.C.S. § 5313, which we will set forth in full:

§ 5313. **When grandparents may petition**

(a) **Partial custody and visitation.**—If an unmarried child has resided with his grandparents or great-grandparents for a period of 12 months or more and is subsequently removed from the home by his parents, the grandparents or great-grandparents may petition the court for an order granting them reasonable partial custody or visitation rights, or both, to the child. The court shall grant the petition if it finds that visitation rights would be in the best interest of the child and would not interfere with the parent-child relationship.

(b) **Physical and legal custody.**—A grandparent has standing to bring a petition for physical and legal custody of a grandchild. If it is in the best interest of the child not to be in the custody of either parent and if it is in the best interest of the child to be in the custody of the grandparent, the court may award physical and legal custody to the grandparent. This subsection applies to a grandparent:

(1) who has genuine care and concern for the child;

(2) whose relationship with the child began with the consent of a parent of the child or pursuant to an order of court; and

(3) who for 12 months has assumed the role and responsibilities of the child's parent, providing for the physical, emotional and social needs of the child, or who assumes the responsibility for a child who has been determined to be a dependent child pursuant to 42 Pa.C.S. Ch. 63 (relating to juvenile matters) or who assumes or deems it necessary to assume responsibility for a child who is substantially at risk due to parental abuse, neglect, drug or alcohol abuse or mental illness. The court may issue a temporary order pursuant to this section.

A 1996 amendment revised the heading, designated the former text as subsection (a), and added subsection (b).

¶ 6 The trial court determined that Grandmother "lacked standing to bring this action and therefore sustained the objection of [Guardian]." Trial court opinion, 1/26/98, at 4 ¶ 20. In supporting its decision, the trial court concluded that subsection (a) was not applicable herein, and we agree. Secondly, the trial court concluded that Grandmother met the criteria of (b)(1) and (2) in that she pled she had genuine care and concern for Tyler and her relationship with Tyler began with the consent of one of Tyler's parents. *Id.* at 7. Finally, the trial court examined subsection (3) and concluded that Grandmother did not plead the existence of one of the three sets of circumstances set forth in subsection (b)(3). The trial court stated:

The first is that he or she for 12 months has assumed the role and responsibilities of the child's parent. The second alternative that confers standing is that the petitioner has assumed the responsibilities for a child determined to be dependent. The third circumstance is when the grandparent "deems it necessary to assume responsibility for a child who is substantially at risk."

Finally, if all of the above criteria are established, the grandparent nonetheless must prove that the best interest of the child would be served by an award of physical and legal custody to the petitioning grandparent.

*Id.*

¶ 7 In her complaint for custody, Grandmother asserted that she "deem[ed] it necessary to assume responsibility for the Child due to the adjudicated guilt of the Child's Mother, the Defendant Mary Ellen 'Evelyn' Martinez for, *inter alia*, Endangering the Welfare of a Child, namely Tyler Martinez." Complaint for Custody, 9/2/97, at 4.

¶ 8 The trial court agreed with the Guardian's interpretation of 23 Pa.C.S. § 5313(b)(3), that Tyler was not at risk since he had been declared dependent and had been placed in the legal and physical custody of CYS. The trial court continued that in its judgment, "[T]he intention of the legislature

was clear and unambiguous, and the words, 'assumes or deems it necessary to assume responsibility for a child *who is* substantially at risk' connotes a situation where there is a present threat of immediate harm." Trial Court Opinion, 1/26/98, at 8 (emphasis in original). We disagree.

¶ 9 Subsection (b) obviously was added to give grandparents a preferential status as to other third parties in custody disputes.

> Grandparents occupy a favored position among other third parties in custody disputes, and have standing to petition for physical and legal custody from a natural parent, provided that the grandparent has assumed a parental role with respect to the child for twelve months, or who assumes responsibility for a child found to be dependent, or who deems it necessary to assume responsibility for a child at risk due to parental abuse, neglect or illness.

Wilder, Pa. Family Law Prac. And Proc. (4 th ed.), § 28–4 at 340 (footnotes omitted). That Tyler has been declared dependent does not negate the fact that Grandmother "deems it necessary to assume responsibility for a child who is substantially at risk due to parental abuse." 23 Pa.C.S. § 5313(b)(3). Otherwise, anytime CYS sought dependent status for a child, a grandparent's ability to seek custody of his grandchild would be negated, in clear opposition to the mandate of this statute.

¶ 10 Standing to petition for physical and legal custody pursuant to 23 Pa.C.S. § 5313(b) is automatically conferred by virtue of the familial relationship, grandparent to grandchild. Indeed, that subsection states at the outset, "A grandparent has standing to bring a petition for physical and legal custody of a grandchild." *Id.* The circumstances set forth in subsections (1), (2), and (3) are questions of fact to be resolved by the trial court after a hearing held to determine "[I]f it is in the best interest of the child not to be in the custody of either parent and if it is in the best interest of the child to be in the custody of the grandparent...." 23 Pa.C.S. § 5313(b).

¶ 11 We agree with Grandmother's observation that the

legislative intent in enacting the new statute is obviously to provide a basis and procedure for a grandparent to obtain physical and legal custody of a grandchild in the unfortunate circumstances confronting many grandparents today: when their own children or individuals in their children's households are abusive or neglectful to their grandchildren, whether due to alcohol or substance abuse or mental illnesses resulting therefrom. The court is procedurally authorized to hold a hearing and enter appropriate orders to provide for the best interest of the grandchild in those unfortunate circumstances.

Appellant's brief at 10.

¶ 12 Grandmother sought physical and legal custody or partial custody or visitation with Tyler under 23 Pa.C.S.A. 5313(b). In paragraph seven of her complaint for custody, Grandmother set forth her relationship to Tyler, that she has genuine care and concern for Tyler, that her relationship with Tyler began at his birth with the consent of both parents, and that due to the adjudicated guilt of Tyler's mother for endangering his welfare, Grandmother *deemed it necessary* to assume responsibility for Tyler. It is of no moment that Tyler has been declared a dependent child. The parental rights of Tyler's mother had not been terminated or relinquished. It is possible that she may seek reunification with Tyler. Thus, Grandmother deemed it necessary to assume responsibility for a grandchild perceived to be substantially at risk due to parental abuse, and she filed her complaint pursuant to 23 Pa. C.S.A. 5313(b).

¶ 13 This subsection is a clear mandate which allows a grandparent to seek custody, indeed to have standing to do so, over the status of third parties who have no *familial relationship with a child.* We will not interpret this statute to deprive grandparents of this privileged status merely because CYS has stepped in before the grandparent has had an opportunity to assert her interest in raising her grandchild.

¶ 14 Grandmother did not have the opportunity to be heard on her petition and did not have an evidentiary determination as

to whether it was in the best interests of Tyler to be placed in her custody. The dismissal of the complaint, premised upon a lack of standing, is a clear misinterpretation of the very clear statutory mandate of 23 Pa.C.S. § 5313(b), which states in unequivocal terms: "A grandparent has standing to bring a petition for physical and legal custody of a grandchild." Thus, the trial court erred in dismissing Grandmother's complaint for lack of standing.

¶ 15   Order reversed; case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

¶ 16   JOYCE, J., Files a Dissenting Opinion.

JOYCE, J., dissenting.

¶ 1   I respectfully dissent from the majority opinion. I agree with the trial court's interpretation of the statute in that the grandmother failed to establish that she had standing pursuant to 23 Pa.C.S.A. § 5313. Under the relevant section, the grandparent must show that for 12 months she has assumed the role and responsibility for a child who is substantially at risk, or deems it necessary to assume responsibility for a child who is substantially at risk. 23 Pa.C.S.A. § 5313(b)(3). The grandmother did not assume responsibility of the child prior to the child being adjudicated dependant. Furthermore, because the child was already taken out of the parents' home, the child was no longer at risk. The plain meaning of the statute does not provide standing for the grandparent in this case.