## Rossi v. Fuchs

C.P. of Butler County, no. A.D. 00-10659.

*Raymond J. Conlon,* for plaintiff.
*John A. Robb Jr.* and *Tina A. Aracri,* for defendant.

HORAN, *J.*, March 7, 2002—Before this court for consideration is the defendant, Wayne Fuchs' preliminary objections filed in response to the plaintiff's amended complaint in the above-captioned case.[1] For the following reasons, defendant Fuchs' preliminary objections are denied.

## BACKGROUND

The plaintiff filled her complaint in civil action on December 3, 2001. She alleges that on January 22, 2000, she and her husband were traveling southbound in separate vehicles along Route 19, towards their home in Cranberry Township. She further alleges that defendant Fuchs was traveling in the opposite direction and crossed the center line, thereby hitting her vehicle as well as her husband's vehicle. The plaintiff's husband, Marcus Rossi, was fatally injured in the accident. The plaintiff alleges that defendant Fuchs' blood alcohol content at the time of testing was 0.159 percent, in excess of the legal limit of intoxication.

The plaintiff asserts 12 counts in her original complaint, including a claim for punitive damages against defendant Fuchs. The plaintiff's amended complaint, which was filed on January 25, 2002, contains the same 12 counts as found in her original complaint, but also adds an additional count against all defendants, asserting that they are jointly and severally liable.

------

1. Defendant Fuchs filed his preliminary objections to the plaintiff's original complaint on December 28, 2001. Thereafter, on January 25, 2002, the plaintiff filed an amended complaint. Counsel for both parties indicated to the court that defendant Fuchs' original preliminary objections were not affected by the amended complaint, and that they wished to proceed on the preliminary objections as though such objections were filed to the plaintiff's amended complaint.

In his preliminary objections, defendant Fuchs argues that the facts in the plaintiff's complaint do not warrant a claim for punitive damages. Oral arguments were heard by this court on February 28, 2002. The plaintiff argues that a punitive damage claim is proper in this case.

## DISCUSSION

When considering preliminary objections, the court must accept all material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom as admitted and true, and decide whether, based upon the facts averred, recovery is impossible as a matter of law. See *Wiernik v. PHH U.S. Mortg. Corp.,* 736 A.2d 616 (Pa. Super. 1999). Preliminary objections should only be sustained in cases that are clear and free from doubt. See *Pennsylvania AFL-CIO ex rel. George v. Commonwealth,* 563 Pa. 108, 757 A.2d 917 (2000); *Butler v. Illes,* 747 A.2d 943 (Pa. Super. 2000); *Martinez v. Baxter,* 725 A.2d 775 (Pa. Super. 1999). It should be clear from all of the pleaded facts that the pleader will be unable to prove facts sufficient to legally establish a right to relief. *Id.* Any doubt should be resolved by refusing to sustain the objections. See *Ellenbogen v. PNC Bank, N.A.,* 731 A.2d 175 (Pa. Super. 1999).

Punitive damages may be recovered when a party's actions are shown to be of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct. See *SHV Coal Inc. v. Continental Grain Co.,* 526 Pa. 489, 587 A.2d 702 (1991); *Slappo v. J's Development Associates Inc.,* 2002 WL 113945 (Pa. Super. 2002); *Bannar v. Miller,* 701 A.2d 232 (Pa. Super. 1997). The Superior Court has stated that "driving while under

the influence of intoxicating liquor, with its very great potential for harm and serious injury, may under certain circumstances be deemed 'outrageous conduct' and 'a reckless indifference to the interest of others' sufficient to allow the imposition of punitive damages." *Focht v. Rabada,* 217 Pa. Super. 35, 40, 268 A.2d 157, 160 (1970).

In Count VI of her amended complaint, the plaintiff asserts a claim for punitive damages against defendant Fuchs. She asserts that defendant Fuchs "acted in an egregious and outrageous manner, with intent, reckless disregard, willfulness and malice aforethought as to the rights and safety of the plaintiff and plaintiff's decedent." The plaintiff pleads facts, which support this assertion. At this stage in the proceedings, the plaintiff has pled facts, which sufficiently set forth a claim for punitive damages. As such, defendant Fuchs' preliminary objections are denied.

Accordingly, we enter the following:

## ORDER

And now, March 7, 2002, in consideration of defendant Wayne D. Fuchs' preliminary objections and brief in support thereof, the plaintiff's brief in opposition to defendant's preliminary objections, counsel's oral arguments, and in accordance with the foregoing memorandum opinion, it is hereby ordered that the defendant Wayne D. Fuchs' preliminary objections are denied.