## Flanagan v. Hill

C.P. of Centre County, no. 2005-1567.

*Paul H. Titus* and *Roy K. Lisko,* for plaintiff.
*Joseph P. Green,* for defendants.

KISTLER, *J.*, March 1, 2006—Presently before this court are defendants' preliminary objections to Michael S. Flanagan's (plaintiff) amended complaint. Plaintiff was the owner and sole stockholder of First Affiliated Insurance Group.

## FACTUAL BACKGROUND

In 1998, plaintiff formed First Affiliated to operate as an Erie Insurance agency. First Affiliated is in the business of selling insurance products offered by Erie, including homeowner's insurance policies and car insurance policies. In 1997, plaintiff had applied to become an Erie agent, but Douglas Fitzgerald, Erie's then regional vice president, rejected the application. Plaintiff appealed Fitzgerald's decision to Erie's Board of Directors. The Board of Directors subsequently approved plaintiff's application, and plaintiff entered into an agency agreement with Erie. Erie later terminated the agreement due to an audit finding that a check payable to First Affiliated for premiums was deposited in the agency's operating account rather than the agency's premium escrow account.

## DISCUSSION

Plaintiff argues in his amended complaint that: (1) Erie breached the contract by improperly terminating the agreement; (2) defendants Hill and Fitzgerald intentionally interfered with plaintiff's contractual relation with Erie as an assignee of First Affiliated; (3) defendants Hill and Fitzgerald intentionally interfered with plaintiff's contractual relation with Erie as an individual; and (4)

defendants Hill and Fitzgerald conspired with each other to harm plaintiff by their concerted actions.

Regarding the first issue, plaintiff argues that Erie terminated the agreement based solely on an isolated incident in which a bookkeeper accidentally deposited the premiums into the incorrect account. Plaintiff maintains the bookkeeper acted without his knowledge, and the bookkeeper's actions did not harm Erie. As such, plaintiff contends Erie terminated the agreement without cause.

With respect to the second and third issues, plaintiff contends defendants Hill and Fitzgerald intentionally interfered with his contractual relations with Erie, both in plaintiff's official capacity as assignee of First Affiliated and individually. Plaintiff contends Fitzgerald was avenging plaintiff's appeal of Fitzgerald's denial of plaintiff's agency license petition. Plaintiff believes defendants Hill and Fitzgerald initiated an improper and unwarranted investigation into First Affiliated, met privately with employees and disparaged plaintiff, encouraged Erie to terminate plaintiff, and encouraged First Affiliated employees to initiate steps to take over First Affiliated. Plaintiff believes these actions were intended to destroy his insurance business.

Regarding the fourth issue, plaintiff argues defendants Hill and Fitzgerald conspired against him by intentionally interfering with the agreement, disparaging plaintiff and First Affiliated, forcing plaintiff to sell First Affiliated, and by interfering with plaintiff's sale of First Affiliated that resulted in a below-value sales price.

Plaintiff is also seeking attorney's fees.

Defendants, on the other hand, first argue that plaintiff's second allegation is improper. Defendants contend Hill and Fitzgerald cannot be regarded as third parties for an intentional interference with contractual relations claim because Erie is a corporation. As a corporate entity, Erie's employees cannot be regarded as third parties in intentional interference with contractual relations actions. As such, plaintiff lacks capacity to sue Hill and Fitzgerald as individuals.

Defendants also allege that plaintiff's second allegation fails to comply with Pa.R.C.P. 2002. Rule 2002 states:

"(a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts.

"(b) A plaintiff may sue in his or her own name without joining as plaintiff or use plaintiff any person beneficially interested when such plaintiff

"(1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading; or

"(2) is a person with whom or in whose name a contract has been made for the benefit of another.

"(c) clause (a) of this rule shall not apply to actions where a statute or other ordinance provides otherwise.

"(d) clause (a) of this rule shall not be mandatory where a subrogee is the real party in interest."

Defendants argue plaintiff Flanagan is not a real party at interest on the cause of action pled. As such, this Count should be dismissed.

Defendants contend there is a legal insufficiency with the pleading regarding plaintiff's third claim (defendant's intentional interference with business relations with plaintiff as an individual). Defendants argue the essential elements of such a cause of action are an existing or prospective contractual relationship between the plaintiff and a third party, and the defendant interferes with performance of that contract by inducing a breach or otherwise causing a third party not to perform or enter into a contract. Also, pecuniary loss suffered by plaintiff as a result of the breach is required. Defendants argue Count Three merely restates the cause of action plaintiff states in Count Two. Moreover, defendants contend plaintiff's claims are mere conclusions, not facts. As such, plaintiff has failed to state a cause of action upon which relief can be granted.

As to plaintiff's fourth claim, defendants argue an essential element for a civil conspiracy is an agreement between two or more persons. Defendants also argue that, absent a valid claim for intentional interference with business relations, there can be no cause of action for civil conspiracy. Defendant also notes that plaintiff does not identify the other alleged co-conspirators in his amended complaint. As such, defendants maintain plaintiff has failed to state a claim upon which relief can be granted.

Defendants do not address plaintiff's first claim, improper termination of the agreement by Erie, in their preliminary objections.

Preliminary objections should be sustained when the law will not permit a remedy, "and where any doubt ex-

ists, that doubt should be resolved by a refusal to sustain the preliminary objections." *J.B. Steven Inc. v. Board of Commissioners of Wilkens Township,* 164 Pa. Commw. 315, 320, 643 A.2d 142, 144 (1994), *appeal denied,* 539 Pa. 671, 652 A.2d 841 (1994). In cases where preliminary objections would result in the dismissal of a cause of action, preliminary objections should only be sustained where it is clear and free from doubt that the pleader has not pleaded facts sufficient to establish his right to relief. *Bower v. Bower,* 531 Pa. 54, 57, 611 A.2d 181, 182 (1992).

A demurrer will not be sustained unless the face of the pleadings shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *DeHart v. Horn,* 694 A.2d 16 (Pa. Commw. 1997). The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Fewell v. Besner,* 444 Pa. Super. 559, 563, 664 A.2d 577, 579 (1995). (citations omitted)

Concerning plaintiff's Count I, defendants have not objected to said Count. As such, this court will not address this issue.

With respect to plaintiff's Count II, this court believes it is appropriate for plaintiff to bring a claim against only Erie as an assignee of First Affiliated. However, plaintiff should not be permitted to bring a claim against Hill and Fitzgerald in his capacity as assignee. In an agreement dated May 24, 2004 (assignment), and referred to in paragraph 2 of plaintiff's amended complaint,[1] First Affili-

---

1. Plaintiff is also in violation of Pa.R.C.P. 1019 in that he failed to attach the assignment to the amended complaint.

ated assigned to plaintiff all claims it had against Erie. This court is convinced that, pursuant to Pa.R.C.P. 2002 *supra,* plaintiff is not a real party in interest on the cause of action pled against Hill and Fitzgerald. As such, this court believes it is appropriate to permit plaintiff to amend his pleading and raise the issue of Count II against only Erie, as well as attach the assignment for review.

Concerning plaintiff's Count III, this court believes it is appropriate to sustain defendants' preliminary objection. Plaintiff has not presented sufficient evidence to demonstrate that he retained an individual, or personal, right to sue Erie. Permitting plaintiff to sue Erie in his individual capacity would be outside of, or beyond that right assigned by First Affiliated, as plead in Count II. Flanagan, in his individual capacity, also cannot sue Hill or Fitzgerald as they were agents of the corporate entity, Erie. Fitzgerald was Erie's regional vice president at the time of the alleged misconduct, and Hill was Fitzgerald's subordinate. An individual may not bring suit against the agents of a corporation; instead, an individual, like Flanagan, must bring suit against the corporation. The court in *Amabile v. Auto Kleen Car Wash,* 249 Pa. Super. 240, 376 A.2d 247 (1977) noted that in Pennsylvania a corporate officer can only be held personally liable if he or she actually participates in the wrongful, injury-producing act. *Id.* at 250. This court determines plaintiff has not presented sufficient evidence suggesting personal involvement in the termination of plaintiff's franchise by either Hill or Fitzgerald. As such, the preliminary objection to Count III is sustained.

Regarding plaintiff's Count IV, this court believes it is appropriate to permit plaintiff to amend his pleading and elaborate on the conspiracy allegation. Plaintiff presents insufficient evidence to establish a conspiracy at this time. In his amended complaint, plaintiff alleges that Hill and Fitzgerald agreed to, among other actions: (1) intentionally interfere with the agreement; (2) force plaintiff to sell First Affiliated; (3) conduct covert investigations into plaintiff's personal finances; and (4) by working with Erie employees to impede plaintiff in his sale of First Affiliated. This court does not believe these allegations are specific enough to allow this court to make a learned ruling as to whether the law will permit a remedy. In short, plaintiff fails to present specific evidence suggesting Hill and Fitzgerald had an agreement to interfere with First Affiliated's business.

An agreement is an essential element of the allegation. The court in *McKeeman v. Corestates Bank N.A.,* 751 A.2d 655, 660 (Pa. Super. 2000) opined that "in order to state a civil action for conspiracy, a complaint must allege (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." See also, *McGuire v. Shubert,* 722 A.2d 1087, 1092 (Pa. Super. 1998); *Kadel v. McMonigle,* 425 Pa. Super. 253, 261, 624 A.2d 1059, 1063 (1993). This court believes plaintiff has failed to fulfill these requirements. As such, this court deems it appropriate to sustain defendants' preliminary objection, and permit plaintiff to amend this portion of his complaint.

## ORDER

And now, March 1, 2006, defendants' preliminary objection to plaintiff's Count III of the amended complaint are hereby sustained.

It is further ordered that defendants' preliminary objection to plaintiff's Count II is hereby sustained in part, and overruled in part, and plaintiff shall have 20 days from the date of this order to amend his pleading and attach the assignment.

It is further ordered that defendants' preliminary objection to plaintiff's Count IV is hereby sustained in part, and overruled in part, and plaintiff shall have 20 days from the date of this order to amend his pleading and elaborate on the conspiracy allegations.

It is further ordered that defendants' preliminary objection as to attorney's fees is hereby sustained.